SETH ARONSON (S.B. #100153)
saronson@omm.com
WILLIAM K. PAO (S.B. #252637)
wpao@omm.com
DANIEL J. TULLY (S.B. #309240)
dtully@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:      +1 213 430 6000
Facsimile:      +1 213 430 6407

Attorneys for Defendant ArcSoft Corp. Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MARC CHAN, an individual; LEI LI, an individual; STRONG WEALTH LIMITED, a British Virgin Islands Company; PACIFIC SMILE LIMITED, a British Virgin Islands Company, | Case No. 4:19-cv-05836-JSW |
| Plaintiffs, | **DEFENDANT ARCSOFT CORP. LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| v. | |
| ARCSOFT, INC., a California Corporation; ARCSOFT CORPORATION LIMITED, a China Corporation; MICHAEL DENG, an individual; DANIEL MACKEIGAN, an individual; TIMOTHY LIN, an individual; HUATAI UNITED SECURITIES COMPANY LIMITED, a China Corporation; BEIJING HUATAI NEW INDUSTRY GROWTH INVESTMENT FUND, a China Limited Partnership; SHENZHEN HUATAI RUILIN EQUITY INVESTMENT FUND PARTNERSHIP, a China Limited Partnership; WAVELET CAPITAL MANAGEMENT, LTD., a Hong Kong Corporation; and DOES 1-XX, | Hearing Date:    October 16, 2020<br>Time:            9:00 a.m.<br>Place:           Courtroom 5, 2nd Floor<br>Judge:           Hon. Jeffrey S. White |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................vi

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

    I.       INTRODUCTION ........................................................................................1

    II.      DISMISSAL IS WARRANTED FOR LACK OF PERSONAL
             JURISDICTION .........................................................................................2

             A.    Plaintiffs Cannot Rely on an Unpleaded Theory of Jurisdiction to
                   Avoid Dismissal. ................................................................................2

             B.    Plaintiffs Offer No Basis for Imposing Successor Liability Under
                   the Mere Continuation Doctrine. .......................................................4

             C.    The Court Should Not Allow Plaintiffs' Fishing Expedition. .................10

    III.     PLAINTIFFS' FAILURE TO EFFECT SERVICE ALSO REQUIRES
             DISMISSAL ...............................................................................................12

    IV.     CONCLUSION ...........................................................................................14

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*AnnuityZone.com, Inc. v. Indep. Adv. Fin. & Ins. Servs., Inc.*,
2005 WL 1745393 (Cal. Ct. App. July 26, 2005) ..................................................................8

5

*Beatrice Co. v. State Bd. of Equalization*,
6 Cal. 4th 767 (1993) ........................................................................................................7, 8

6

7

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ....................................................................................... vi, 12

8

9

*Bovier v. Bridgepoint Educ./Ashford Univ.*,
2018 WL 1010503 (S.D. Cal. Feb. 22, 2018) ....................................................................14

10

*Bruns v. Nat'l Credit Union Admin.*,
122 F.3d 1251 (9th Cir. 1997) ...............................................................................................4

11

12

*Butler v. Adoption Media, LLC*,
486 F. Supp. 2d 1022 (N.D. Cal. 2007) .................................................................................6

13

14

*CenterPoint Energy, Inc. v. Superior Court*,
157 Cal. App. 4th 1101 (2007) .....................................................................................5, 10

15

16

*Chularee v. Cookson Co.*,
2014 WL 726778 (Cal. Ct. App. Feb. 26, 2014) ...............................................................7, 8

17

*Cleveland v. Johnson*,
209 Cal. App. 4th 1315 (2012) .....................................................................................6, 7, 8

18

19

*Connecticut Gen. Life Ins. Co. v. Earl Scheib, Inc.*,
2012 WL 12868358 (S.D. Cal. May 22, 2012) ....................................................................4

20

*E.A. by & through Ataman v. Tug Techs. Corp.*,
2010 WL 11520575 (C.D. Cal. Dec. 17, 2010)....................................................................4

21

22

*Ewing v. Encor Solar, LLC*,
2019 WL 277386 (S.D. Cal. Jan. 22, 2019).........................................................................2

23

24

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
2020 WL 1250802 (N.D. Cal. Mar. 16, 2020) .....................................................................3

25

*Fodrey v. City of Rialto*,
2019 WL 2871158 (C.D. Cal. Apr. 23, 2019).....................................................................14

26

27

*Franklin v. USX Corp.*,
87 Cal. App. 4th 615 (2001) ...................................................................................... passim

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3      *Galindo v. BSI Fin. Servs., Inc.*,
         2017 WL 1036735 (N.D. Cal. Mar. 17, 2017) ...................................................vi, 9
4

       *Garcia v. New Albertson's, Inc.*,
5        2014 WL 4978434 (C.D. Cal. Oct. 3, 2014) ....................................................6, 7, 10

6      *Gerritsen v. Warner Bros. Entmt. Inc.*,
7        116 F. Supp. 3d 1104 (C.D. Cal. 2015) ......................................................vi, 4, 6, 11

8      *Gidding v. Anderson*,
         2008 WL 4065814 (N.D. Cal. Aug. 27, 2008) ....................................................13
9

10     *Heliocol USA, Inc. v. Berrios*,
         2010 WL 11626617 (M.D. Fla. Feb. 16, 2010) ....................................................4

11     *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
12       485 F.3d 450 (9th Cir. 2007) ....................................................5

13     *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
         934 F. Supp. 2d 1219 (C.D. Cal. 2013) ....................................................4
14

15     *Infante v. Bank of Am. Corp.*,
         680 F. Supp. 2d 1298 (S.D. Fla. 2009) ....................................................3

16     *Kniss v. Booth*,
17       2009 WL 10673238 (C.D. Cal. Mar. 20, 2009) ....................................................14

18     *Komaiko v. Baker Techs., Inc.*,
         2020 WL 1915884 (N.D. Cal. Apr. 20, 2020) ....................................................6, 11, 12
19

       *Lands v. Wolins*,
20       2009 WL 10673414 (D. Ariz. Oct. 9, 2009) ....................................................2

21     *Maloney v. Am. Pharma. Co.*,
22       207 Cal. App. 3d 282 (1988) ....................................................8

23     *Marsh-Girardi v. Client Resolution Mgmt., LLC*,
         2020 WL 968570 (E.D. Cal. Feb. 28, 2020) ....................................................13
24

25     *Marsoobian v. Transamerica Life Ins. Co.*,
         2016 WL 7173737 (E.D. Cal. Dec. 9, 2016) ....................................................3

26     *Matsuda v. Wada*,
         101 F. Supp. 2d 1315 (D. Haw. 1999) ....................................................13
27

28

iii

**TABLE OF AUTHORITIES**<br>(continued)

**Page(s)**

*McClellan v. Northridge Park Townhome Owners Ass'n,*
   89 Cal. App. 4th 746 (2001) ................................................................7

*Mech. v. Bank of Am., N.A.,*
   2016 WL 1069392 (Cal. Ct. App. Mar. 18, 2016) ................................9

*Metcalf v. Bay Ferries Ltd.,*
   937 F. Supp. 2d 147 (D. Mass. 2013) ...............................................13

*Mid-Century Ins. Co. v. AMCO Ins. Co.,*
   2015 WL 12661914 (C.D. Cal. Oct. 30, 2015) ....................................7

*Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.,*
   2013 WL 3786618 (N.D. Cal. July 18, 2013) .......................................8

*Neas Ltd. v. OJSC Rusnano,*
   2015 WL 9489896 (N.D. Cal. Dec. 30, 2015) ....................................12

*Papasan v. Dometic Corp.,*
   2017 WL 4865602 (N.D. Cal. Oct. 27, 2017) ......................................2

*Pebble Beach Co. v. Caddy,*
   453 F.3d 1151 (9th Cir. 2006) .....................................................10, 12

*Petrillo v. United States,*
   2017 WL 2413396 (S.D. Cal. May 31, 2017) .....................................14

*Phillips v. Cooper Labs.,*
   215 Cal. App. 3d 1648 (1989) ...........................................................6, 7

*Pool v. F. Hoffman-La Roche, Ltd.,*
   386 F. Supp. 3d 1202 (N.D. Cal. 2019) ...............................................7

*Potlatch Corp. v. Superior Court,*
   154 Cal. App. 3d 1144 (1984) ...........................................................5, 6

*PowerTec Sols. Int'l, LLC v. Hardin,*
   2019 WL 6170040 (S.D. Fla. Nov. 20, 2019) .......................................4

*Ray v. Alad Corp.,*
   19 Cal. 3d 22 (1977) ............................................................................5

*Regal Art & Gifts, Inc. v. Fusion Prods., Ltd.,*
   2016 WL 454116 (N.D. Cal. Feb. 5, 2016) .......................................vi, 4

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Rumbeck v. Premier Valley, Inc.*,
    2017 WL 2929348 (Cal. Ct. App. July 10, 2017) .................................................. 11

5

*Schaefer v. Rowland*,
    2015 WL 6083081 (E.D. Cal. Oct. 15, 2015) ........................................................ 4

6

7

*Sealy Conn., Inc. v. Litton Indus., Inc.*,
    989 F. Supp. 120 (D. Conn. 1997) ...................................................................... 2

8

9

*SG Cowen Sec. Corp. v. U.S. Dist. Court*,
    189 F.3d 909 (9th Cir. 1999) ........................................................................... 10

10

*Sunnyside Dev. Co., LLC v. Opsys Ltd.*,
    2007 WL 2462142 (N.D. Cal. Aug. 29, 2007) ........................................... 5, 6, 11

11

12

*Symettrica Entm't, Ltd. v. UMG Recordings, Inc.*,
    2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) ........................................... 2, 11

13

14

*Terracom v. Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995) ............................................................................. 12

15

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ........................................................................................... 3

16

17

*Vasic v. Patent Health, L.L.C.*,
    2013 WL 12076475 (S.D. Cal. Nov. 26, 2013) ................................................ 14

18

19

*Verde Media Corp. v. Levi*,
    2014 WL 3372081 (N.D. Cal. July 9, 2014) .................................................... 14

20

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) ............................................................................ 11

21

22

*Willowbrook Apartments, LLC v. Hirschler Fleischer, APC*,
    2017 WL 1024513 (Cal. Ct. App. Mar. 16, 2017) ........................................... 6

23

**Statutes**

24

28 U.S.C. § 1746 ................................................................................................... 13

25

Cal. Civ. Proc. Code § 415.20(a) ......................................................................... 13

26

27

28

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

**SUMMARY OF ARGUMENT**

The Opposition shows why ArcSoft Corp. has never belonged in this case. Confirming that they cannot establish jurisdiction based on any contacts ArcSoft Corp. has with the United States, Plaintiffs now attempt to rope in ArcSoft Corp. based on an entirely new theory—that ArcSoft, Inc.'s contacts can be imputed to ArcSoft Corp. as a successor in interest under California's "mere continuation" doctrine. While Plaintiffs insist that the FAC "alleged sufficient facts" to support successor liability, they point to no allegation setting forth such a theory, and indeed cannot: the words "successor" and "mere continuation" appear nowhere in the FAC. Because Plaintiffs cannot rely on this unpleaded theory, that alone is reason for dismissal. *See Regal Art & Gifts, Inc. v. Fusion Prods., Ltd.*, 2016 WL 454116, at *5 (N.D. Cal. Feb. 5, 2016).

Even if Plaintiffs had alleged a successor liability theory in the FAC, Plaintiffs' attempt to establish jurisdiction comes up short. The "mere continuation" doctrine is meant to prevent a company from shifting *assets* to a new corporation for inadequate consideration to *avoid the predecessor's obligations*, but the FAC and Opposition make clear that is not the case here: the corporate restructuring resulted from stock transactions that left ArcSoft, Inc. operating with substantial assets. Courts routinely reject applying successor liability in similar situations. *See Gerritsen v. Warner Bros. Entmt. Inc.*, 116 F. Supp. 3d 1104, 1130–34 (C.D. Cal. 2015). Plaintiffs' claim about overlapping officers is not enough to establish mere continuation. *See Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 626–27 (2001). Nor is their baseless conjecture that ArcSoft, Inc. was drained of assets after the restructuring. *See Galindo v. BSI Fin. Servs., Inc.*, 2017 WL 1036735, at *7 (N.D. Cal. Mar. 17, 2017). Indeed, the evidence offered by Plaintiffs show that the restructuring was for valuable consideration, ArcSoft, Inc. retains important intellectual property and business relationships, and its assets have grown each year since the Buyout. Plaintiffs' "hunch" is insufficient to invoke successor liability or circumvent the PSLRA discovery stay to engage in a fishing expedition. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Finally, the Opposition does nothing to rebut ArcSoft Corp.'s showing that service—made on an employee without authority to accept service—was improper under California's substitute service statute.

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In a transparent effort to expand this litigation and embark on an improper fishing expedition, Plaintiffs' Opposition introduces a new, unpleaded, and wholly meritless jurisdictional theory: that ArcSoft Corp., a foreign entity with no relation to the challenged Buyout, bears successor liability for ArcSoft, Inc. Both the law and the facts foreclose Plaintiffs' belated pivot. As an initial matter, the FAC does not even allege that ArcSoft Corp. is a successor to ArcSoft, Inc.—indeed, *successor* appears nowhere in the complaint—which alone requires dismissal. And even if Plaintiffs had alleged successor liability in the FAC, dismissal would still be proper because ArcSoft Corp. is separate and distinct from ArcSoft, Inc., and ArcSoft, Inc.'s contacts in California may not be imputed to ArcSoft Corp.

Seeking to manufacture an exception to this bedrock principle of corporate separateness, Plaintiffs argue for the first time that ArcSoft Corp. is a "mere continuation" of ArcSoft, Inc. But that doctrine is designed to prevent corporations from shifting assets to avoid the predecessor's obligations; it does not apply where, as here, companies are alleged to have merely engaged in commonplace stock transactions as part of corporate growth or restructuring efforts. In any event, ArcSoft, Inc.—the entity that allegedly wronged Plaintiffs—remains fully functional, and as an active litigant here, it plainly has not sought to escape review. In a concession that they lack any facts to support their new successor theory, Plaintiffs alternatively seek to make an end-run around the PSLRA discovery stay and gain access to jurisdictional discovery. The Court should shut the door on Plaintiffs' proposed fishing expedition, which is based on a speculative theory of liability that the FAC never raises.

Finally, the Court should also dismiss the FAC because ArcSoft Corp. was not properly served under California's substitute service statute. Plaintiffs did not first make diligent attempts to personally serve ArcSoft Corp., and their attempted service on an ArcSoft, Inc. employee without authority to accept service did not comply with the statute's requirements. At bottom, ArcSoft Corp. is simply not a proper defendant here, and because amendment will not change that fact, the FAC should be dismissed with prejudice.

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

## II.   DISMISSAL IS WARRANTED FOR LACK OF PERSONAL JURISDICTION

The Motion showed that ArcSoft Corp. must be dismissed because it is not subject to general or specific jurisdiction in the United States. *See* Mot. at 3–8. The Opposition does not respond to ArcSoft Corp.'s arguments or authority, thus conceding what the parties have always known: ArcSoft Corp. has no connection to the United States or the Buyout underlying Plaintiffs' claims. *See Papasan v. Dometic Corp.*, 2017 WL 4865602, at *18 (N.D. Cal. Oct. 27, 2017) (failure to respond to argument treated as concession) (collecting cases). Instead, the Opposition tries a different, speculative, and improper tack to rope ArcSoft Corp. into this case. Recognizing that the Court lacks general or specific jurisdiction over ArcSoft Corp. directly, Plaintiffs now argue that ArcSoft, Inc.'s contacts can be imputed to ArcSoft Corp. as a purported post-Buyout "successor." Opp. at 4–5. This last-minute attempt to avoid dismissal fails.

### A.   Plaintiffs Cannot Rely on an Unpleaded Theory of Jurisdiction to Avoid Dismissal.

As a threshold matter, the Court should reject Plaintiffs' purported new basis for jurisdiction outright because it is not pleaded in the FAC. Indeed, in the FAC's 294 numbered paragraphs, the word "successor" does not appear once. Thus, even if successor liability could be adequately alleged with "only a bare allegation made that the defendant is a successor in interest," Opp. at 5, Plaintiffs cannot even make that showing.[1]

Although Plaintiffs try to shift the burden to ArcSoft Corp., complaining that the Motion "does not address [ ] successor liability" and suggesting that ArcSoft Corp. should have somehow anticipated this theory of liability and jurisdiction, Opp. at 4, they point to no allegation in the FAC that would have made ArcSoft Corp. aware of Plaintiffs' new plans for asserting the Court's

---

[1] To be sure, ArcSoft Corp. strongly disputes that a "bare allegation" that a defendant is a "successor" would satisfy Plaintiffs' pleading burden under Rule 8. The case that Plaintiffs cite for that proposition relies on pre-*Twombly* and pre-*Iqbal* authority, *see Lands v. Wolins*, 2009 WL 10673414, at *5 (D. Ariz. Oct. 9, 2009) (citing *Sealy Conn., Inc. v. Litton Indus., Inc.*, 989 F. Supp. 120, 122 (D. Conn. 1997)), and is at odds with subsequent authority that has found conclusory allegations of successor status insufficient to invoke successor liability *E.g.*, *Symettrica Entm't, Ltd. v. UMG Recordings, Inc.*, 2019 WL 8806093, at *4 (C.D. Cal. Sept. 20, 2019) ("unsubstantiated legal conclusions" insufficient) (granting motion to dismiss for lack of personal jurisdiction) ; *Ewing v. Encor Solar, LLC*, 2019 WL 277386, at *5 (S.D. Cal. Jan. 22, 2019) (same where plaintiff offered "perfunctory and conclusory statements").

1   jurisdiction over a separate Chinese entity. Tellingly, the Opposition's two-page "Summary of

2   Allegations Against ArcSoft Corp." consists nearly entirely of allegations against *ArcSoft, Inc.*

3   and its founder, Michael Deng, *see id.* at 2–3, or evidence offered in the Opposition that was not

4   cited in the FAC, *see id.* at 3–4. As for the few times the FAC does mention ArcSoft Corp., the

5   allegations merely reference ArcSoft Corp.'s corporate relationship with ArcSoft, Inc. *See* FAC

6   ¶ 23 (noting ArcSoft Corp. was "identifie[d] . . . as a financially interested party" in ArcSoft,

7   Inc.'s disclosure statement); ¶¶ 20, 22 (alleging ArcSoft Corp. is ArcSoft, Inc.'s indirect corporate

8   parent). But such a mundane observation certainly would not put ArcSoft Corp. or the Court on

9   notice that Plaintiffs intended to rely on successor liability, especially given the "general principle

10  of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . .

11  is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998);

12  *see Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1305 (S.D. Fla. 2009) (allegations that

13  defendant "owned" or "purchased" subsidiary inadequate to infer successor liability); *cf.*

14  *Marsoobian v. Transamerica Life Ins. Co.*, 2016 WL 7173737, at *7 (E.D. Cal. Dec. 9, 2016)

15  ("passing reference" to "baseless, conclusory allegations as to the non-diverse parties"

16  insufficient to articulate fraudulent-joinder theory of diversity jurisdiction). For the same reason,

17  the allegation that ArcSoft, Inc.'s operations shifted to China after the Buyout does not suggest

18  that Plaintiffs would seek to hold ArcSoft Corp. liable for ArcSoft, Inc.'s alleged misdeeds. *Cf.*

19  Opp. at 8 n.3.

20        Neither the Court nor ArcSoft Corp. can be expected to scour every allegation in the FAC

21  (or every page of any document purportedly incorporated by reference, including those not cited

22  in the pleadings) in search of any fact that could possibly support any basis for jurisdiction.[2] And

---

23  [2] Plaintiffs offer no authority for their repeated assertion that the 2019 Prospectus is "incorporated
24  by reference" into the FAC, and can thus be considered by the Court in determining whether
    Plaintiffs have sufficiently alleged personal jurisdiction over ArcSoft Corp. *See* Opp. at 3, 5, 7, 8;
25  *cf. Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, 2020 WL 1250802, at *3 (N.D. Cal.
    Mar. 16, 2020) ("The present situation does not fall within the incorporation by reference doctrine
26  because plaintiffs (rather than defendant) seek to incorporate a new document outside of their
    own initial pleadings."). Indeed, under Plaintiffs' theory, every document referenced in the FAC
27  would be incorporated by reference, and Defendants would have to review thousands of pages of
    documents to discern Plaintiffs' potential claims or theories of liability against them that appear
28  nowhere in the complaint. This certainly would not satisfy Federal Rule of Civil Procedure 8's

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

though Plaintiffs would have otherwise, it is not ArcSoft Corp.'s duty to intuit Plaintiffs' unpleaded intentions. *See Heliocol USA, Inc. v. Berrios*, 2010 WL 11626617, at *2 (M.D. Fla. Feb. 16, 2010) ("Courts and defendants alike are entitled to rely on a plaintiff's jurisdictional averments without scouring the complaint for scattered substantive allegations that may or may not support additional theories of personal jurisdiction."). Instead, it is incumbent on Plaintiffs to clearly plead the basis for jurisdiction and liability underlying their claims in the FAC. *See PowerTec Sols. Int'l, LLC v. Hardin*, 2019 WL 6170040, at *2 (S.D. Fla. Nov. 20, 2019) (plaintiffs may not "raise new bases for personal jurisdiction for the first time in a response to a motion to dismiss" that are not pleaded in the complaint); *Regal Art & Gifts*, 2016 WL 454116, at *5 (rejecting allegations seeking to establish personal jurisdiction raised for the first time in an opposition brief); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1237 & n.23 (C.D. Cal. 2013) (same); *cf. Gerritsen*, 116 F. Supp. 3d at 1126 (rejecting direct liability theory raised for the first time in opposition) (collecting cases).

Plaintiffs' failure to plead the basis for jurisdiction and liability they now seek to rely on mandates dismissal. *E.g.*, *Connecticut Gen. Life Ins. Co. v. Earl Scheib, Inc.*, 2012 WL 12868358, at *4 (S.D. Cal. May 22, 2012) (dismissing claim where "complaint does not allege successor liability" or cite any paragraphs supporting such liability); *E.A. by & through Ataman v. Tug Techs. Corp.*, 2010 WL 11520575, at *2 (C.D. Cal. Dec. 17, 2010) (same).

B.    Plaintiffs Offer No Basis for Imposing Successor Liability Under the Mere Continuation Doctrine.

Even if Plaintiffs had alleged a successor liability theory in the FAC, dismissal would still

requirement that Plaintiffs clearly plead the basis for jurisdiction in their complaint. Indeed, even if Plaintiffs had attached the Prospectus to the FAC, that still would have been insufficient. *See Schaefer v. Rowland*, 2015 WL 6083081, at *4 (E.D. Cal. Oct. 15, 2015) ("Plaintiff . . . cannot merely refer to a series of exhibits in an attempt to state a claim. . . . While plaintiff is permitted to refer to attached exhibits in the body of a complaint . . ., he should first set forth the pertinent factual allegations in the complaint and then provide a precise reference to any exhibit on which he relies, rather than relying on the court to piece together the elements of his claim from the content of the exhibits.") (dismissing complaint); *cf. Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled."). In any event, as with the FAC, none of the excerpts that Plaintiffs have cobbled together even mention successor liability or even hint that ArcSoft Corp. was a successor of ArcSoft, Inc.

1    be proper because ArcSoft Corp. is separate and distinct from ArcSoft, Inc. "As a general rule,

2    where a parent and a subsidiary are separate and distinct corporate entities, the presence of one

3    . . . in a forum state may not be attributed to the other." *Holland Am. Line Inc. v. Wartsila N.*

4    *Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).  Only in limited circumstances—not present here—

5    can this presumption of corporate separateness be overcome.

6         Under California law, a successor company has liability for a predecessor's actions if:

7    (1) the successor expressly or impliedly agrees to assume the subject liabilities; (2) the transaction

8    amounts to a consolidation or merger of the entities; (3) the successor is a "mere continuation" of

9    the predecessor; or (4) the transfer of assets to the successor is for the fraudulent purpose of

10   escaping liability for the predecessor's debts. *See CenterPoint Energy, Inc. v. Superior Court*,

11   157 Cal. App. 4th 1101, 1120 (2007) (citing *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977)).  In the

12   Opposition, Plaintiffs rely exclusively on the "mere continuation" doctrine, arguing that ArcSoft

13   Corp. became a "mere continuation" of ArcSoft, Inc. following a purported corporate

14   restructuring in 2017 that turned ArcSoft Corp. into ArcSoft, Inc.'s indirect corporate parent. *See*

15   Opp. at 5–8. But like "successor," the phrase "mere continuation" appears nowhere in the FAC,

16   and the facts proffered in the Opposition fall far short of Plaintiffs' burden to establish personal

17   jurisdiction under that doctrine now.

18        First, the mere continuation doctrine is inapplicable as a matter of law because the

19   transaction giving rise to ArcSoft Corp.'s alleged successor status was a stock transaction rather

20   than an asset sale.  Here, Plaintiffs allege that the purported corporate restructuring was the result

21   of a "stock swap transaction," FAC ¶ 22; *see also id.* ¶ 90—not a transfer of assets—and the

22   Prospectus excerpts attached to the Opposition show that the transaction indeed involved a

23   transfer of stock.  *See* King Decl., Ex. 2 (describing restructuring as "reorganization of equities").

24   But "successor liability under California law requires the purchase of *assets*, not merely the

25   purchase of stock."  *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, 2007 WL 2462142, at *6 (N.D. Cal.

26   Aug. 29, 2007).  As the California Court of Appeal explained, this asset-transfer requirement "is

27   no mere matter of form," but "implicates fundamental concepts and principles of California and

28   United States law: corporate identity and shareholder immunity."  *Potlatch Corp. v. Superior*

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1    *Court*, 154 Cal. App. 3d 1144, 1150–51 (1984).

2          It also makes perfect sense when considering the principles animating the doctrine

3    Plaintiffs now seek to invoke. As Plaintiffs recognize, the mere continuation doctrine is meant to

4    prevent corporations from shifting assets to a new corporation to avoid the predecessor's

5    obligations. *See Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1327 (2012) ("Corporations

6    cannot escape liability by a mere change of name or a *shift of assets* when and where it is shown

7    that the new corporation is, in reality, but a continuation of the old."). But that goal is not served

8    by imposing successor liability on companies engaging in commonplace stock transactions as part

9    of corporate growth or restructuring efforts. California courts thus regularly decline to apply

10   successor liability where, as here, the "merger" or "mere continuation" occurs as a result of a

11   stock transaction rather than an asset sale or transfer. *E.g.*, *Gerritsen*, 116 F. Supp. 3d at 1130–33

12   ("de facto merger" and "mere continuation" doctrines inapplicable where alleged successor

13   corporation acquired stock ownership of predecessor corporations that became its subsidiaries);

14   *Willowbrook Apartments, LLC v. Hirschler Fleischer, APC*, 2017 WL 1024513, at *5 (Cal. Ct.

15   App. Mar. 16, 2017) (no successor liability where alleged successor acquired corporation's

16   stock); *Phillips v. Cooper Labs.*, 215 Cal. App. 3d 1648, 1660 (1989) (same); *Potlatch Corp.,* 154

17   Cal. App. 3d at 1150–51 (same).

18          Second, California courts likewise refuse to impose successor liability where, as here, the

19   alleged predecessor continues to survive. Instead, "imposition of successor liability under the

20   'mere continuation' doctrine requires that the predecessor entity that was purportedly acquired by

21   the successor entity no longer exist." *Gerritsen*, 116 F. Supp. 3d at 1133–34 (mere continuation

22   not applicable where "both corporations continue to exist in their prior form"); *e.g.*, *Komaiko v.*

23   *Baker Techs., Inc.*, 2020 WL 1915884, at *12 (N.D. Cal. Apr. 20, 2020) (mere continuation

24   doctrine inapplicable where corporations remained separate functioning entities after transaction);

25   *Garcia v. New Albertson's, Inc.*, 2014 WL 4978434, at *11 (C.D. Cal. Oct. 3, 2014) (same);

26   *Butler v. Adoption Media, LLC,* 486 F. Supp. 2d 1022, 1066 (N.D. Cal. 2007) (same for LLCs);

27   *Sunnyside Dev.*, 2007 WL 2462142, at *10 (same for corporation); *Chularee v. Cookson Co.,*

28

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1   2014 WL 726778, at *7 (Cal. Ct. App. Feb. 26, 2014) (same).[3]  Here, Plaintiffs have closed the

2   door on their unpleaded theory of jurisdiction because the FAC alleges that ArcSoft, Inc. remains

3   fully operational, *see* FAC ¶¶ 19, 22—ArcSoft Corp. did not replace it—a fact also confirmed by

4   the Prospectus. *See, e.g.*, King Decl., Exs. 3, 4, 8, 10.

5          This rule is consistent with California courts' treatment of the mere continuation doctrine

6   as "a subset of the [de facto merger doctrine]," *Franklin*, 87 Cal. App. 4th at 625, because, of

7   course, "there [is] no merger . . . [where both companies] continue[] to exist as []separate

8   corporation[s]." *Phillips*, 215 Cal. App. 3d at 1660.  And as with the rule requiring an asset

9   transfer, this rule is "consonant with the principle underlying successor liability": such liability

10  should be reserved for instances where "a corporation organizes another corporation with

11  practically the same shareholders and directors, *transfers all the assets but does not pay all the*

12  *first corporation's debts*, and continues to carry on the same business." *Garcia*, 2014 WL

13  4978434, at *11; *McClellan v. Northridge Park Townhome Owners Ass'n*, 89 Cal. App. 4th 746,

14  753 (2001).  Where an alleged predecessor remains operating as a separate entity, there is little

15  reason to invoke a successor liability theory.[4]

16         Plaintiffs' other arguments similarly fail.  Although Plaintiffs point out that ArcSoft

17  Corp.'s CEO, Michael Deng, previously served as an officer for ArcSoft, Inc., and that Sean Bi

18  currently serves as an officer at each corporation, *see* Opp. at 7—arguing that this showing of

19  _____

20  [3] *See also Mid-Century Ins. Co. v. AMCO Ins. Co.*, 2015 WL 12661914, at *6–7 (C.D. Cal. Oct.
    30, 2015) (no de facto merger where alleged predecessor and successor corporations remained
21  "functioning corporation[s]" after purported merger); *Beatrice Co. v. State Bd. of Equalization*, 6
    Cal. 4th 767, 778 (1993) (mere continuation doctrine "does not apply when recourse to the debtor
    corporation is available and the two corporations have separate identities").

22  [4] Plaintiffs' attempt to sidestep these requirements relies on readily distinguishable cases. Opp. at
    6.  In *Cleveland*, the defendants transferred a separately operating line of business from the
23  predecessor corporation to the alleged successor with the purpose of avoiding debts owed to the
    predecessor's creditors.  209 Cal. App. 4th at 1328–34.  Such a transfer of assets and termination
24  of a definable business line is not present here.  In *Pool v. F. Hoffman-La Roche, Ltd.*, the court
    made no holding as to successor liability but, following *Cleveland*, suggested that the transfer of a
25  concrete line of business from the predecessor to the successor could support successor liability
    under the "mere continuation" doctrine.  386 F. Supp. 3d 1202, 1213 (N.D. Cal. 2019).  Those
26  same facts are likewise absent here.  Finally, in *McClellan*, the court concluded that liability
    under a mere continuation theory may attach where evidence showed that a homeowners
27  association incorporated a new association and transferred its assets to that association
    specifically to evade creditors, 89 Cal. App. 4th at 755–56, circumstances that neither the FAC
28  nor Opposition allege are present here.

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1  overlapping employees is "independently sufficient" to satisfy the "mere continuation test" under

2  *Ray* and *Cleveland*, *id.* at 5, 7—courts have roundly rejected Plaintiffs' argument. *See Beatrice*

3  *Co.*, 6 Cal. 4th at 778 ("even when the same persons are officers or directors of the two

4  corporations, liability is not imposed on the acquiring corporation when recourse to the debtor

5  corporation is available and the two corporations have separate identities"); *Franklin*, 87 Cal.

6  App. 4th at 626–27 (rejecting reliance solely on overlapping employees); *Maloney v. Am.*

7  *Pharma. Co.*, 207 Cal. App. 3d 282, 287–89 (1988) (same); *see also Chularee*, 2014 WL 726778,

8  at *6 (overlap of four officers/shareholders "insufficient [ ] to establish a triable issue of fact on

9  the mere-continuation exception"). As one court explained, the California Supreme Court "found

10  it necessary to narrow its dicta in *Ray* to prevent what could otherwise be perceived as a very

11  broad and unprecedented pronouncement that successor liability exists whenever there is any

12  overlap in officers, directors, or stockholders." *AnnuityZone.com, Inc. v. Indep. Adv. Fin. & Ins.*

13  *Servs., Inc.*, 2005 WL 1745393, at *4 n.4 (Cal. Ct. App. July 26, 2005).[5]

14         Plaintiffs likewise cannot set forth facts showing that adequate consideration was not

15  given for the predecessor corporation's assets— "the crucial factor" that must be established to

16  invoke successor liability. *Franklin*, 87 Cal. App. 4th at 625–27; *accord Mitsui O.S.K. Lines, Ltd.*

17  *v. Seamaster Logistics, Inc.*, 2013 WL 3786618, at *5 (N.D. Cal. July 18, 2013). Plaintiffs argue

18  that "the 2019 Prospectus establishes that patented technology, subsidiaries, R&D centers, and

19  customers were [ ] transferred to ArcSoft Corp., with no mention of any consideration being paid

20  or exchanged." Opp. at 8. But the Prospectus shows no such thing.

21         With respect to patents, Plaintiffs conflate various ArcSoft entities when they claim that

22  ArcSoft, Inc. divested itself of some 51 patents as part of the restructuring. *See* Opp. at 3. The

23  120 patents referenced in the 2017 Information Statement are "Company-Owned IP," i.e., owned

24  by either ArcSoft, Inc. or its subsidiaries, whereas the 69 patents referenced in the 2019

25

26      [5] To the extent Plaintiffs argue the court in *Cleveland* found an overlap in employees was
sufficient to satisfy the "mere continuation" doctrine, *see* Opp. at 7, the opinion makes plain that

27  the court found, *in addition to overlapping employees*, other equitable factors favoring imposition
of successor liability. *See* 209 Cal. App. 4th at 1334 (discussing evidence that defendants acted

28  "with malice, oppression, or fraud" in transferring assets to successor company in an attempt to
evade liability).

1    Prospectus are specifically owned by ArcSoft, Inc. *See* King Decl., Exs. 5, 6. Even ignoring

2    Plaintiffs' apples-to-oranges comparison, their evidence is proof positive that ArcSoft, Inc. retains

3    substantial, valuable intellectual property.

4          Plaintiffs' remaining statements are nothing more than baseless conjecture, which courts

5    have repeatedly held is not enough. *See Galindo*, 2017 WL 1036735, at *7 ("Plaintiffs only

6    speculate in their opposition that Defendant likely did not give adequate consideration.") (mere

7    continuation theory not adequately pleaded); *Mech. v. Bank of Am., N.A.*, 2016 WL 1069392, at

8    *11 (Cal. Ct. App. Mar. 18, 2016) (dismissing claim, in part, because plaintiff did "not identify

9    what consideration was given, nor does he provide any analysis as to why such consideration

10   might have been inadequate"). Plaintiffs speculate that ArcSoft, Inc. was not compensated for

11   transfer of subsidiaries and R&D centers, *see* Opp. at 3–4; King Decl., Ex. 8, but do not—and

12   cannot—show that inadequate consideration was paid. And they ignore that the Prospectus *does*

13   *disclose* that substantial consideration was exchanged in connection with the restructuring stock

14   transaction. Moreover, Plaintiffs' assertion that ArcSoft, Inc. transferred valuable business

15   relationships to ArcSoft Corp. because certain customers are not headquartered in ArcSoft, Inc.'s

16   markets in the U.S., Taiwan, or Japan, *see* Opp. at 4; King Decl. Ex. 9, is not grounded in the

17   Prospectus or reality. Plainly, the location of a company's headquarters does not dictate where its

18   business is conducted, especially for large, multinational corporations like those identified by

19   Plaintiffs.

20         Finally, although Plaintiffs suggest they may have trouble recovering a judgment against

21   ArcSoft, Inc., *see* Opp. at 4, 11–12, that conjecture is again untethered from Plaintiffs' proof.

22   Plaintiffs point out that ArcSoft, Inc. purportedly held only 25% of the ArcSoft entities'

23   cumulative assets in 2018, but that does not suggest that ArcSoft, Inc. is "strip[ping] [] assets," *id.*

24   at 4. To the contrary, the Prospectus shows that ArcSoft, Inc.'s assets and profits *have increased*

25   since the Buyout. *See* King Decl., Ex. 10 (summarizing ArcSoft, Inc.'s net assets and profits, and

26   total assets for 2016–2018).[6] In any event, Plaintiffs do not allege that the restructuring was done

27
─────────────────────────────
28   [6] In any event, ArcSoft, Inc.'s assets in 2018—over a year after the restructuring transaction that
     provides the basis for Plaintiffs' theory of successor liability—says nothing about its holdings or

1   in an effort to fleece creditors, but instead assert that it was done for the purpose of taking steps

2   toward a possible IPO in China.  *See* FAC ¶¶ 86–92.  And rather than being left without recourse

3   to the predecessor company, Plaintiffs here have sued ArcSoft, Inc. and have been actively

4   litigating this case against it for months.  *Cf. Garcia*, 2014 WL 4978434, at *12 ("Comparable

5   equitable considerations are absent here. Unlike in *Cleveland*, the entity that allegedly wronged

6   plaintiff is an active company that retains most of its presale assets, easily sufficient to satisfy a

7   judgment for plaintiff.").  In sum, California law is clear that successor liability is the exception,

8   not the rule, and something more than baseless conjecture is needed to invoke the doctrine.  *See*

9   *CenterPoint Energy, Inc.*, 157 Cal. App. 4th at 1125 ("We should not disturb this corporate set of

10   expectations, absent a clearer showing that one of the exceptions to successor nonliability must

11   apply.") (successor liability not adequately pleaded).[7]

12           C.        The Court Should Not Allow Plaintiffs' Fishing Expedition.

13           In an acknowledgment they lack any facts to support their new theory of liability against

14   ArcSoft Corp., Plaintiffs alternatively seek leave to bypass the PSLRA discovery stay and embark

15   on an inappropriate jurisdictional discovery expedition.  *See* Opp. at 10–11.  The Court should

16   reject Plaintiffs' request.

17           Courts will only lift the PSLRA stay under "exceptional circumstances." *SG Cowen Sec.*

18   *Corp. v. U.S. Dist. Court*, 189 F.3d 909, 911–12 (9th Cir. 1999).  But as discussed above,

19   —————————————————————————————

20   the adequacy of consideration *at the time of the transaction*, which is the relevant consideration.
    *See Franklin*, 87 Cal. App. 4th at 627 & n.7.

21   [7] Plaintiffs offer various arguments for why exercising personal jurisdiction over ArcSoft Corp.
    would be reasonable.  *See* Opp. at 9–10.  Because Plaintiffs have failed to make a prima facie

22   showing that ArcSoft Corp. has sufficient minimum contacts or may be treated as ArcSoft, Inc.'s
    successor, the Court need not address reasonableness.  *See Pebble Beach Co. v. Caddy*, 453 F.3d

23   1151, 1155 (9th Cir. 2006).  Even if the Court were to consider reasonableness, Plaintiffs'
    arguments miss the mark.  Plaintiffs do not dispute the burdens on ArcSoft Corp. and traditional

24   principles of foreign sovereignty implicated by this suit and the exercise of jurisdiction, *see* Mot.
    at 7–8, but merely assert that such burdens are outweighed by other factors.  Plaintiffs trumpet the

25   "nation's interest in the suit," *see* Opp. at 10, but cannot dispute that any such interest is already
    protected, as Plaintiffs have been litigating their claims against ArcSoft, Inc. in this Court for

26   months.  Plaintiffs also argue that jurisdiction would be proper because ArcSoft Corp. because its
    website lists its U.S. subsidiary's address, but ignore their own allegation that ArcSoft Corp.

27   "does no business in the U.S." and the fact that subsidiary is already subject to the Court's
    jurisdiction.  *Id.*  Finally, Plaintiffs suggest ArcSoft Corp. has purportedly availed itself of "the

28   credibility of the U.S. patent system" by transferring U.S. patents to itself.  *Id.*  As discussed
    above, however, that allegation is not supported by Plaintiffs' own evidence.

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1   Plaintiffs' unpleaded allegations, taken largely from the 2019 Prospectus, do not even offer any

2   "colorable basis" for jurisdiction. *Symettrica Entm't*, 2019 WL 8806093, at *5 (denying

3   jurisdictional discovery where plaintiffs had not alleged facts that would support jurisdictional

4   theory). Though Plaintiffs suggest that pertinent jurisdictional facts "are controverted" or "a

5   more satisfactory showing of the facts is necessary," Opp. at 11, as shown above, the opposite is

6   true. The liberties that Plaintiffs have taken with characterizing their evidence cannot change the

7   fact that the Prospectus discloses the restructuring transaction was not an "asset transfer" but a

8   stock transaction for consideration, and shows that ArcSoft, Inc. is a successful, operational

9   business that today retains its prior assets, intellectual property, and customers. These facts alone

10  foreclose Plaintiffs' unpleaded theory of jurisdiction, and Plaintiffs offer no basis for believing

11  their proposed discovery would turn up anything different from what the Prospectus already

12  shows. *See Komaiko*, 2020 WL 1915884, at *12 ("It is not an abuse of discretion to deny

13  jurisdictional discovery 'when it is clear that further discovery would not demonstrate facts

14  sufficient to constitute a basis for jurisdiction.'") (quoting *Wells Fargo & Co. v. Wells Fargo Exp.*

15  *Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).[8]

16          Instead, it is clear that what Plaintiffs really seek is a judicially sanctioned fishing

17  expedition based on nothing more than a "hunch." And Plaintiffs fail to muster even that. The

---

18  [8] While Plaintiffs seek to determine if "ArcSoft, Inc. is sufficiently capitalized to satisfy its
19  liability to Plaintiffs," Opp. at 11, whether ArcSoft, Inc. is adequately capitalized in 2020—three
    years after the restructuring and events giving rise to this litigation—has nothing to do with the
20  question of whether ArcSoft Corp. is a continuation of ArcSoft, Inc. *See Franklin*, 87 Cal.
    App. 4th at 627 & n.7 (noting the time for evaluating the availability of assets to meet a claim
21  based on a mere continuation theory is at the time of the restructuring; looking to whether assets
    were available years later "is not relevant to the analysis"). Plaintiffs' apparent fear—that they
22  may receive a judgment that ArcSoft, Inc. cannot now satisfy—provides no basis for successor
    liability under California law, or for jurisdictional discovery. "California courts routinely reject[ ]
23  the view that the potential difficulty . . . [in] collecting a judgment is an inequitable result,"
    *Gerritsen*, 116 F. Supp. 3d at 1144, and it will not support imposing successor liability absent
24  some evidence that any purported inability to satisfy a judgment is a result of inadequate
    consideration paid in exchange for ArcSoft, Inc.'s assets. *See Sunnyside Dev.*, 2007 WL
25  2462142, at *10 ("plaintiff must show more than [predecessor's] current inability to pay its debts.
    Rather, there must be a causal relationship between a successor's acquisition of assets (i.e.,
26  inadequate consideration), and the predecessor's creditors' inability to get paid. . . . In other
    words, the inability to pay is not itself the basis for finding successor liability.") (mere
27  continuation not adequately pleaded); *Rumbeck v. Premier Valley, Inc.*, 2017 WL 2929348, at *7
    n.10 (Cal. Ct. App. July 10, 2017) (no basis for successor liability if "consideration paid for the
28  predecessor's assets is adequate but less than the predecessor's debt"). Plaintiffs have not, and
    cannot, make such a showing.

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1  primary discovery they seek—into what "consideration [was] paid (if any)" for purported asset

2  transfers in connection with ArcSoft's corporate restructuring, Opp. at 11—is premised on the

3  Prospectus, issued two years after the restructuring transaction, purportedly making "no mention

4  of consideration being paid," *id.* at 4. But a failure to mention consideration certainly is not proof

5  that no consideration, or *inadequate* consideration, was transferred. Contrary to Plaintiffs'

6  contention, jurisdictional discovery is not a vehicle for them to confirm any and every suspicion

7  they might possibly have about the defendants. As courts have repeatedly held, speculation based

8  on unexceptional observations cannot be a springboard to discovery; only *facts*—something

9  Plaintiffs sorely lack—will suffice. *See Boschetto*, 539 F.3d at 1020 (affirming denial of

10  jurisdictional discovery based on "little more than a hunch"); *Komaiko*, 2020 WL 1915884, at

11  *12 (denying request for jurisdictional discovery into mere continuation theory given plaintiffs'

12  failure to offer facts supporting that theory); *Neas Ltd. v. OJSC Rusnano*, 2015 WL 9489896, at

13  *4 (N.D. Cal. Dec. 30, 2015) (denying jurisdictional discovery into alter ego that would be a

14  "fishing expedition" given plaintiffs' failure to offer any facts supporting such a theory). The

15  Court should deny Plaintiffs' attempt to short-circuit the PSLRA discovery stay.[9]

16  **III.   PLAINTIFFS' FAILURE TO EFFECT SERVICE ALSO REQUIRES DISMISSAL**

17          Although Plaintiffs' failure to establish personal jurisdiction is determinative, dismissal of

18  the FAC is also warranted because ArcSoft Corp. was not properly served under California's

19  substitute service statute. *See* Mot. at 8–11. As an initial matter, Plaintiffs abandon their claim

---

20  [9] If the Court were to consider Plaintiffs' request for jurisdictional discovery despite their failure
21  to plead that basis for jurisdiction, ArcSoft Corp. respectfully requests leave to submit evidence in
    response to Plaintiffs' jurisdictional allegations in advance of the Court's ruling on such a request.
22  A defendant's evidentiary showing is directly relevant to a court's determination of the
    appropriateness of jurisdictional discovery, and by waiting until the Opposition to raise this
23  theory, Plaintiffs denied ArcSoft Corp. the opportunity to submit its own evidence. Such
    evidence—including ArcSoft, Inc.'s retention of U.S. patents, receipt of a third party's assessed
24  values of three allegedly transferred R&D centers, and increase in assets each year since the
    restructuring—certainly would clarify the issues and guide the Court's analysis. *Cf. Pebble*
25  *Beach*, 453 F.3d at 1160 ("Where a plaintiff's claim of personal jurisdiction appears to be both
    attenuated and based on bare allegations in the face of specific denials made by the defendants,
26  the court need not permit even limited discovery."); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555,
    562 (9th Cir. 1995) (jurisdictional discovery not warranted if plaintiff cannot show "how further
27  discovery would allow it to contradict the [defendant's] affidavits"). Plaintiffs cannot rely on an
    "[in]sufficiently developed" record to demonstrate a need for discovery, Opp. at 11, when
28  Plaintiffs' procedural maneuvering blocked ArcSoft Corp. from submitting any evidence.

1   that they effected service on ArcSoft Corp. COO Sean Bi by harassing his spouse at their personal

2   residence on April 23, 2020. *See* Dkt. No. 72 at 2; *see also* Mot. at 9–10; Bi Decl. ¶ 7.[10]   Instead,

3   the Opposition focuses exclusively on Plaintiffs' April 29, 2020 attempt to serve Mr. Bi at

4   ArcSoft, Inc.'s headquarters in Fremont, California. As shown in the Motion, however, this

5   attempt at service was likewise defective because (i) Plaintiffs did not first make diligent attempts

6   to personally serve ArcSoft Corp. and (ii) their attempted service on Robert Mjaseth, an ArcSoft,

7   Inc. employee without authority to accept service, did not comply with the substitute service

8   statute. *See* Mot. at 9–11. Plaintiffs' attempts to overcome these deficiencies come up short.

9         First, the Opposition cites out-of-district authority suggesting that diligent attempts at

10  personal service need not be shown for substitute service on a corporation. *See* Opp. at 13–14.

11  But as ArcSoft Corp. showed in the Motion, this Court and other judges in this district have

12  recognized that a showing of diligence is appropriate for substitute service under Section

13  415.20(a). *See* Mot. at 8–9 & n.3; *see also Marsh-Girardi v. Client Resolution Mgmt., LLC,* 2020

14  WL 968570, at *3 (E.D. Cal. Feb. 28, 2020) ("[S]ervice also did not comply with California's

15  substitute method of service for business entities . . . . Under California law, two or three

16  attempts at personal service satisfies the reasonable diligence requirement."); *Gidding v.*

17  *Anderson,* 2008 WL 4065814, at *2 (N.D. Cal. Aug. 27, 2008) (White, J.) ("Plaintiffs must,

18  however, be reasonably diligent in their attempts at direct service before substitute service is

19  permitted" on a foreign corporate defendant).

20        As for their attempted service on Mr. Mjaseth, Plaintiffs simply proclaim that the FAC

21  was properly served at the Fremont address because the location—an ArcSoft, Inc. office—is

22  "Mr. Bi's office." Opp. at 13. Even assuming that to be the case, the statute requires service to

23  be effected on someone "apparently in charge" of the office. Cal. Civ. Proc. Code § 415.20(a).

24  Plaintiffs offer only conclusions, *see* Opp. at 13 (noting that FAC was left with "Robert Mjaseth,

25

26  [10] Plaintiffs argue that the Court should disregard this evidence because Mr. Bi's declaration
    inadvertently omits "under the laws of the United States of America." Opp. at 9 n. 5. The

27  relevant statute, 28 U.S.C. § 1746, requires that declarations be "substantially" in the form
    specified, and courts have rejected the stringent reading urged by Plaintiffs. *See Metcalf v. Bay*

28  *Ferries Ltd.*, 937 F. Supp. 2d 147, 149 (D. Mass. 2013); *Matsuda v. Wada*, 101 F. Supp. 2d 1315,
    1322–23 (D. Haw. 1999).

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW

1   who was in control of that office"), failing to explain how Mr. Mjaseth could be properly served

2   when he had no authority to accept service on behalf of Mr. Bi or ArcSoft Corp., *see* Mjaseth

3   Decl. ¶ 5. As ArcSoft Corp. showed in the Motion, courts have held in similar circumstances that

4   plaintiffs do not carry their burden where service is purportedly effected on an individual not

5   authorized to accept service. *See* Mot. at 10–11 (collecting cases); *see also Bovier v. Bridgepoint*

6   *Educ./Ashford Univ.*, 2018 WL 1010503, at *1–2 (S.D. Cal. Feb. 22, 2018) (substitute service

7   ineffective where individual personally served was not authorized to accept service on behalf of

8   defendant or defendant's general manager); *Verde Media Corp. v. Levi*, 2014 WL 3372081, at *3

9   (N.D. Cal. July 9, 2014) (similar); *cf. Fodrey v. City of Rialto*, 2019 WL 2871158, at *3 (C.D.

10  Cal. Apr. 23, 2019) (noting plaintiff's concession that substitute service was ineffective if

11  individual served "was not authorized to accept service" for defendants).

12          The Opposition offers no response to this authority, nor does it cite any case to support

13  Plaintiffs' assertion that service on Mr. Mjaseth was proper. Instead, Plaintiffs argue that

14  substitute service was "proper and effective" because "ArcSoft Corp. has actual notice of this

15  case, as shown by it bringing the present motion." Opp. at 13 (citing *Vasic v. Patent Health,*

16  *L.L.C.*, 2013 WL 12076475, at *3 (S.D. Cal. Nov. 26, 2013)). But if actual notice could

17  overcome defects in the manner of service, then there would never be a basis for moving to

18  dismiss under Rule 12(b)(5) since a moving defendant necessarily would have notice of the suit.

19  And as courts have recognized, "actual notice cannot cure defective service." *Petrillo v. United*

20  *States*, 2017 WL 2413396, at *7 (S.D. Cal. May 31, 2017) (granting motion to dismiss for

21  improper service); *accord Kniss v. Booth*, 2009 WL 10673238, at *4 (C.D. Cal. Mar. 20, 2009)

22  ("To the extent plaintiff argues that Movant Defendants received actual notice of the FAC

23  because they filed or joined in motions to dismiss, such arguments are unpersuasive because

24  actual notice generally is insufficient to overcome plaintiff's burden on a Rule 12(b)(5) motion.").

25  Because Plaintiffs have failed to demonstrate that they properly served ArcSoft Corp. at the

26  Fremont address, the Motion should be granted for this additional reason.

27  **IV.    CONCLUSION**

28          Plaintiffs have worked to make the litigation as expansive and expensive as possible by

1   naming foreign defendants with no relation to the Buyout or alleged underlying misconduct—and

2   with ArcSoft Corp., they continue to overreach.  As explained above and in the Motion, Plaintiffs

3   cannot even make the threshold showing that the Court can exercise personal jurisdiction over

4   ArcSoft Corp.  Plaintiffs' attempt to run from the FAC and manufacture an unpleaded theory of

5   personal jurisdiction in their Opposition cannot save them from dismissal.  Nor do they provide a

6   reason for the Court to permit the fishing expedition that Plaintiffs request in jurisdictional

7   discovery.  For the reasons stated above and in the Motion, the Court should dismiss the FAC

8   with prejudice as to ArcSoft Corp. and deny Plaintiffs' request for jurisdictional discovery.

9

10

11

12

13   Dated: August 26, 2020                    /s/ William K. Pao
                                              William K. Pao

14
                                              Seth Aronson
15                                            William K. Pao
                                              Daniel J. Tully
16                                            O'MELVENY & MYERS LLP
                                              400 South Hope Street
17                                            18th Floor
                                              Los Angeles, CA 90071
18                                            Telephone: (213) 430-6000
                                              Facsimile: (213) 430-6407
19                                            Email: saronson@omm.com
                                              Email: wpao@omm.com
20                                            Email: dtully@omm.com

21                                            Attorneys for Defendant ArcSoft Corp. Ltd.

22

23

24

25

26

27

28

DEF. ARCSOFT CORP.'S REPLY ISO
MOTION TO DISMISS
CASE NO. 4:19-CV-05836-JSW