| | |
|---|---|
| 1 | KING, HOLMES, PATERNO & SORIANO, LLP |
|   | HOWARD E. KING, ESQ., STATE BAR NO. 77012 |
| 2 | HKING@KHPSLAW.COM |
|   | TOR R. BRAHAM, ESQ., STATE BAR NO. 108234 |
| 3 | TBRAHAM@KHPSLAW.COM |
|   | JOHN G. SNOW, ESQ., STATE BAR NO. 280790 |
| 4 | JSNOW@KHPSLAW.COM |
|   | 1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR |
| 5 | LOS ANGELES, CALIFORNIA 90067-4506 |
|   | TELEPHONE:   (310) 282-8989 |
| 6 | FACSIMILE:    (310) 282-8903 |

Attorneys for Plaintiffs MARC CHAN, LEI LI, STRONG WEALTH LIMITED and PACIFIC SMILE LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARC CHAN, an individual; LEI LI, an individual; STRONG WEALTH LIMITED, a British Virgin Islands Company; PACIFIC SMILE LIMITED, a British Virgin Islands Company,<br><br>         Plaintiffs,<br><br>   vs.<br><br>ARCSOFT, INC., a California Corporation; ARCSOFT CORPORATION LIMITED, a China Corporation; MICHAEL DENG, an individual; DANIEL MACKEIGAN, an individual; TIMOTHY LIN, an individual; HUATAI UNITED SECURITIES COMPANY LIMITED, a China Corporation; BEIJING HUATAI NEW INDUSTRY GROWTH INVESTMENT FUND, a China Limited Partnership; SHENZHEN HUATAI RUILIN EQUITY INVESTMENT FUND PARTNERSHIP, a China Limited Partnership; and DOES 1-XX,<br><br>         Defendants. | CASE NO.  4:19-CV-05836 JSW<br><br>Hon. Jeffrey S. White, Ctrm 5<br><br>**NOTICE OF VOLUNTARY DISMISSAL AS TO DEFENDANTS HUATAI UNITED SECURITIES COMPANY LIMITED, BEIJING HUATAI NEW INDUSTRY GROWTH INVESTMENT FUND, SHENZHEN HUATAI RUILIN EQUITY INVESTMENT FUND PARTNERSHIP. ONLY, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)** |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs hereby voluntarily dismiss Defendants Huatai United Securities Company Limited, Beijing Huatai New Industry Growth Investment Fund, and Shenzhen Huatai Ruilin Equity Investment Fund Partnership (collectively, "Huatai Defendants") from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (holding that Rule 41(a)(1)(A)(i) "allows a plaintiff to dismiss without a court order" fewer than all of the named defendants); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice."). Dismissal is appropriate pursuant to Rule 41(a)(1)(A)(i) because the Huatai Defendants have not yet filed an answer or motion for summary judgment. *See Pedrina*, 987 F.2d at 609.

Plaintiffs maintain that the First Amended Complaint has been properly served upon the Huatai Defendants through the Hague Convention. However, the People's Republic of China has not returned a certificate of service and Plaintiffs anticipate substantial motion practice would be necessary to resolve the issue of service. To avoid further delay and costs to this litigation, Plaintiffs voluntarily dismiss the Huatai Defendants at this time, notwithstanding Plaintiffs' position that there is substantial evidence the Huatai Defendants participated in and induced the other defendants' efforts to withhold critically important information from Plaintiffs necessary for Plaintiffs to make an informed decision on the buyout. Following discovery in this case, Plaintiffs reserve the right to make a motion to amend to add allegations and claims against the Huatai Defendants.

DATED: September 3, 2020        KING, HOLMES, PATERNO & SORIANO, LLP

By: ____*/s/ Howard E. King*____
HOWARD E. KING
Attorneys for Plaintiffs MARC CHAN, LEI LI, STRONG WEALTH LIMITED and PACIFIC SMILE LIMITED