1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               NORTHERN DISTRICT OF CALIFORNIA

10                                    San Francisco Division

11    MARC CHAN, et al.,                          Case No. 19-cv-05836-JSW (LB)

12                    Plaintiffs,

13            v.                                   **DISCOVERY ORDER**

14    ARCSOFT, INC., et al.,                       Re: ECF No. 131

15                    Defendants.

16

17                                    **INTRODUCTION**

18        The plaintiffs — former investors in the defendant ArcSoft — sued ArcSoft and its CEO

19    Michael Deng for claims related to the plaintiffs' selling their shares at an allegedly unreasonably

20    low price in a buyout.[1] The plaintiffs signed their consent to the buyout on September 19, 2017, and

21    were paid on October 17, 2017.[2] The court previously ordered the defendants to produce financial

22    forecasts that existed at the time of the buyout and were either given to the investors or used (or

23    considered) by Mr. Deng. The reason for the discovery was that it was relevant to the plaintiffs'

24    damages.[3] The plaintiffs want documents, such as "financial forecasts, presentations, pitch

25

26    _____

      [1] Second Am. Compl. – ECF No. 94. Citations refer to material in the Electronic Case File (ECF);
      pinpoint citations are to the ECF-generated page numbers at the top of documents.

27    [2] Joint Disc. Letter – ECF No. 131 at 1.

28    [3] Order – ECF No. 130.

United States District Court
Northern District of California

materials, due diligence documents, and communications provided to 'BUYOUT INVESTORS' or Shanghai Pudong Development Bank that existed prior to October 17, 2017."[4]

In response to the earlier discovery order, the defendants are producing (1) forecasts or projections that were produced to the "actual buyers involved in the buyout" to the extent that the materials bear on the "fair market value of ArcSoft's shares at the time of the buyout" (meaning, September 19, 2017) and (2) materials in Mr. Deng's custodial files ("emails or phone") that he used or considered, regardless of who received them. They contend that a broader production is not relevant to the two surviving claims: breach of fiduciary duty by Mr. Deng (predicated on his failure to recuse himself from the buyout) and breach of contract by ArcSoft (predicated on ArcSoft's failure to provide contractually required financial documents after the plaintiffs asked for them).[5] The defendants suggest that the plaintiffs review the production first, and then the parties can confer about any further discovery.[6] The defendants have not argued burden.

The court's earlier order did not cabin discovery to information in Mr. Deng's "emails or phone;" instead, it ordered production of information that he used or considered. That is the principle that governs the scope of discovery. The court orders discovery consistent with that principle.

## STATEMENT

The plaintiffs sued the defendants in September 2019 after ArcSoft's parent company (ArcSoft Corporation) completed an IPO in China. The claims generally were predicated on allegations that Mr. Deng made misleading statements to the plaintiffs during the 2017 buyout and did not disclose material information to them (revealed at least in part in the IPO process).[7] The second amended complaint has six claims: (1) securities fraud in violation of § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 (against ArcSoft and Mr. Deng); (2) securities fraud (against two members of ArcSoft's board of directors who approved the buyout); (3) fraud under

---

[4] Joint Disc. Letter – ECF No. 131 at 1.

[5] *Id.* at 4 (quoting Order – ECF No. 130 at 4).

[6] *Id.* at 6.

[7] Compl. – ECF No. 1; Order – ECF No. 112 at 1–4.

California law (against ArcSoft, Mr. Deng, and the two board members); (4) breach of fiduciary duty (against Mr. Deng); (5) breach of fiduciary duty (against the ArcSoft board of directors); and (6) breach of contract (against ArcSoft).[8] The trial court dismissed all claims except claims four (breach of fiduciary duty by Mr. Deng) and six (breach of contract by ArcSoft). The fiduciary-duty breach is predicated on Mr. Deng's alleged failure to recuse himself from the buyout: he claimed in a buy-out information statement that he recused himself from the buyout, but in fact, he was "directly involved in seeking, encouraging, and soliciting the approval of the Board of Directors for the transaction." The breach-of-contract claim is predicated on ArcSoft's alleged failure to produce financial information required by the Investor Rights Agreement, which deprived the investor plaintiffs of material information about ArcSoft's performance and induced them to consent to the buyout.[9]

The discovery disputes are about requests for production 26 to 29.[10] The trial court referred all discovery disputes to the undersigned.[11] The court held a hearing on June 23, 2022.

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b).

For now, the court orders the following.

---

[8] Second Am. Compl. – ECF No. 94 at 75–86 (¶¶ 340–413).

[9] Order – ECF No. 112 at 24, 27–28.

[10] Joint Disc. Letter – ECF No. 131 at 1.

[11] Order – ECF No. 126.

United States District Court
Northern District of California

1    One, anything — wherever it is stored and during whatever time frame — that is relevant to

2  what Mr. Deng considered or used is discoverable. It is not necessarily limited to his email or

3  phone.

4    Two, relatedly, information about what Mr. Deng considered or used is not necessarily

5  restrained to pre-September 19, 2017 events.

6    These two points mean that the scope of discovery may exceed ArcSoft's compromise

7  production.[12] That said, as discussed at the hearing on June 23, 2022, the issue really is about an

8  appraisal of ArcSoft's value at the time of the buyout. That is what drives parameters of discovery.

9    Three, the defendants advanced no burden objections and instead — at the hearing — raised

10  concerns about a slippery slope attached to discovery. That objection does not preclude discovery.

11    After ArcSoft completes its production, the parties must confer about any deficiencies in the

12  production and can raise any disputes in a new joint letter.

13

14                              **CONCLUSION**

15  This resolves ECF No. 131.

16

17  **IT IS SO ORDERED.**

18  Dated: June 24, 2022

19                                          _____

20                                          LAUREL BEELER
                                            United States Magistrate Judge
21

22

23

24

25

26

27

28  _____
     [12] Joint Disc. Letter – ECF No. 131 at 6.