1    KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
2    HKING@KHPSLAW.COM
TOR R. BRAHAM, ESQ., STATE BAR NO. 108234
3    TBRAHAM@KHPSLAW.COM
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
4    JSNOW@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ. STATE BAR NO. 295145
5    JTRUGMAN@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
6    LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE:   (310) 282-8989
7    FACSIMILE:     (310) 282-8903

8    Attorneys for Plaintiffs LEI LI, STRONG
WEALTH INVESTMENT LIMITED and
9    PACIFIC SMILE LIMITED

10

11                     UNITED STATES DISTRICT COURT

12       NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

13

14

15    LEI LI, an individual; STRONG WEALTH      CASE NO.  4:19-CV-05836 JSW
INVESTMENT LIMITED, a British Virgin
Islands Company; PACIFIC SMILE             Hon. Jeffrey S. White, Ctrm 5
16    LIMITED, a British Virgin Islands Company,

17            Plaintiffs,            [PROPOSED] ORDER DENYING
DEFENDANTS' MOTION TO STAY
EXECUTION OF JUDGMENT
18         vs.

19    ARCSOFT, INC., a California Corporation;    Re: Dkt. No. 386
MICHAEL DENG, an individual,

20            Defendants.       Action commenced:   September 18, 2019
Trial Date:             January 22, 2024
21

22

23         Defendants ArcSoft, Inc. and Michael Deng's ("Defendants") Motion to Stay Execution of

24    Judgment ("Motion") was submitted on March 19, 2024. Having considered all papers filed in

25    support of and in opposition to the Motion, arguments of counsel, and all other pleadings and

26    papers on file herein, the Court **HEREBY DENIES** the Motion.

27         "A stay of judgment usually requires a bond." *Fredianelli v. Jenkins*, 2013 WL 5934988,

28    at *1 (N.D. Cal. Nov. 4, 2013) (quotation marks and alterations omitted). "Because the stay

---

5442.060/2025255.1                                    Case No. 4:19-CV-05836 JSW

1  operates for the appellant's benefit and deprives the appellee of the immediate benefits of his

2  judgment, a full supersedeas bond should be the requirement in normal circumstances." *Presidio*

3  *Components, Inc. v. Am. Tech. Ceramics Corp.*, 2019 WL 1542110, at *3 (S.D. Cal. April 8,

4  2019) (quotation marks omitted). While the court has discretion to waive the bond requirement,

5  the party seeking an unsecured stay has the burden to "objectively demonstrate the reasons for

6  departing from the usual requirement of a full supersedeas bond." *Cotton ex rel. McLure v. City of*

7  *Eureka*, 860 F. Supp. 2d 999, 1027-1028 (N.D. Cal. 2012) (quotation marks omitted). Defendants

8  have not met that burden here.

9   **Defendants have not demonstrated they have sufficient funds such that there is
10  no doubt they could pay the obligation and the costs of bond would be wasteful.
    Ms. Yan Jin's declaration shows that ArcSoft, Inc. has less than 5 times the
11  amount of judgment in cash.  Defendants' alternate proposal of segregating the
12  cash in a separate bank account lacks merit because Defendants would have
    access to the account and do not agree to not withdraw funds.**
13         For these reasons, **IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED**.

14      **IT IS SO ORDERED.**

15  April 2, 2024                                    _____

16   Date                                           The Honorable Jeffrey S. White
                                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
SORIANO, LLP

5442.060/2025255.1                          2                          Case No. 4:19-CV-05836 JSW
             [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT