UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEI LI, et al.,

    Plaintiffs,

v.

ARCSOFT, INC., et al.,

    Defendants.

Case No. 19-cv-05836-JSW

**ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Re: Dkt. No. 382

Now before the Court is the renewed motion for judgment as a matter of law filed by Defendants ArcSoft, Inc. ("ArcSoft") and Michael Deng (collectively, "Defendants"). The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L. R. 7-1(b). Having reviewed the parties' papers, relevant legal authority, and the record in this case, the Court hereby DENIES Defendants' motion.

**BACKGROUND**

Plaintiffs Lei Li, Strong Wealth Limited, and Pacific Smile Limited (collectively, "Plaintiffs") brought suit for damages that arose from or related to a management-led buyout of Plaintiffs' shares in ArcSoft in 2017 (the "Buyout"). Defendants argued in their summary judgment motion and in their pretrial filings that California Corporations Code section 1312 was a complete bar to relief, because that statute limits relief to appraisal for former shareholders who challenge buyouts after their completion. (*See, e.g.*, Dkt. Nos. 210, 230, 261.) The Court rejected Defendants' argument and found that California courts recognize a non-statutory exemption to Section 1312 where the facts from which the claims arise were not known to the plaintiffs prior to consummation of the buyout. (*See* Dkt. No. 262, at 30.)

At trial, Defendants moved for judgment as a matter of law after the Plaintiffs'

presentation. (Dkt. No. 360, at 1176.) The Court reserved ruling. (*See id.* at 1166.)

Plaintiffs obtained a jury verdict in their favor and against Defendants for their claims of negligent misrepresentation, concealment, and, as against Deng, breach of fiduciary duty. (*See* Dkt. No. 381.) The jury found in favor of Defendants on Plaintiffs' claims of intentional misrepresentation and, as against ArcSoft, breach of contract. (*Id.*) The jury was asked to answer the following questions regarding Section 1312:

> <u>Question #5.</u> Have Defendants proven by a preponderance of the evidence that Plaintiff Lei Li was aware of all material facts underlying her alleged intentional misrepresentation, negligent misrepresentation, or concealment claims when she consented to the Buyout?
>
> <u>Question #8.</u> Have Defendants proven by a preponderance of the evidence that Plaintiff Lei Li was aware of all material facts underlying her alleged breach of fiduciary duty claim when she consented to the Buyout?
>
> <u>Question #12.</u> Have Defendants proven by a preponderance of the evidence that Plaintiff Lei Li was aware of all material facts underlying her alleged breach of contract claim when she consented to the Buyout?

(Dkt. No. 372.) The same questions were repeated for Plaintiffs Strong Wealth Limited and Pacific Smile Limited. (*Id.*, questions 27, 30, 34, 49, 52, 56.) As to the misrepresentation, concealment, and breach of fiduciary duty claims, the jury found that Defendants did not prove the Plaintiffs were aware of all material facts underlying their claims. (*Id.*) The jury left blank the Section 1312 questions relating to breach of contract, which Plaintiffs failed to prove. (*Id.*)

Defendants now renew their motion for judgment as a matter of law on the basis of Section 1312. Defendants do not argue that the jury erroneously found that Plaintiffs were not aware of all material facts prior to the consummation of the merger. Instead, they ask the Court to revisit its prior ruling and find that Section 1312 bars Plaintiffs' claims as a matter of law, without respect to Plaintiffs' knowledge of the facts underlying their claims at the time of the Buyout.

**ANALYSIS**

A.   **Applicable Legal Standards.**

A party suffering an adverse verdict that moved for judgement as a matter of law prior to the verdict "may file a renewed motion for judgment as a matter of law" within 28 days after the entry of judgment. Fed. R. Civ. Proc. 50(b). Judgment as a matter of law is proper if "the evidence, construed in the light most favorable to the nonmoving party, permits only one

reasonable conclusion, and that conclusion is contrary to that of the jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013). "This standard largely 'mirrors' the summary-judgment standard, the difference being that district courts evaluate Rule 50[] motions in light of the trial record rather than the discovery record." *Dupree v. Younger*, 598 U.S. 729, 731-32 (2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)).

Challenges involving purely legal questions resolved at summary judgment need not be renewed in a post-trial motion in order for the challenger to raise the issue on appeal. *Id.* at 733. Nevertheless, a party "*can* raise legal issues in a Rule 50 motion," even if doing so largely entails "a copy and paste of summary-judgment motions into post-trial format." *Id.* at 737 (emphasis in original).

**B.     California Courts Recognize a Non-Statutory Exception to Section 1312 in the Event of Fraud Where the Plaintiffs Were Unaware of All Facts Prior to the Merger.**

As the Court ruled in its order resolving the parties' cross-motions for summary judgment, California courts recognize a non-statutory exception to Section 1312. The California Supreme Court and Court of Appeal have noted the potential existence of an exception in these circumstances. *See Steinberg v. Amplica*, 42 Cal.3d 1198, 1207 (1986) (limiting ruling to circumstances of "a minority shareholder who is aware of the facts underlying his claim of breach of fiduciary duty" prior to merger); *Singhania v. Uttarwar*, 136 Cal. App. 4th 416, 434-35 (2006) (declining to address whether statute applies if "the facts of [fraud or breaches of fiduciary duty] were unknown to the shareholder before the buyout"); *see also In re Hot Topic, Inc. Sec. Litig.*, No. CV 13-02939 SJO JCX, 2014 WL 7499375, at *14 (C.D. Cal. May 2, 2014) (considering fraud exception to Section 1312 but finding plaintiff had not alleged the misstatements were unknown to it at the time of the shareholder vote). Relying on the foregoing, at least one California court has declined to apply Section 1312 to bar a claim for damages where the plaintiff alleged "that he would have exercised his dissenters' rights had defendants timely disclosed their misconduct." *Max v. 8E6 Corp.*, 2022 WL 909907, at *12 (unpub. Cal. App. Mar. 29, 2022).

The Court continues to find that California courts are likely to permit an exception to Section 1312 where the facts underlying a plaintiff's claim of fraud or breach of fiduciary duty

3

were unknown to the plaintiff at the time of the transaction. Here, the jury found that all of the material facts underlying Plaintiffs' breach of fiduciary duty, negligent misrepresentation, and concealment claims were not known to Plaintiffs prior to the Buyout. Plaintiffs may therefore recover monetary damages for those claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' renewed motion for judgment as a matter of law.

**IT IS SO ORDERED.**

Dated: May 3, 2024

_____
JEFFREY S. WHITE
United States District Judge