KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
HKING@KHPSLAW.COM
TOR R. BRAHAM, ESQ., STATE BAR NO. 108234
TBRAHAM@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ. STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE:   (310) 282-8989
FACSIMILE:    (310) 282-8903

Attorneys for Plaintiffs LEI LI, STRONG
WEALTH INVESTMENT LIMITED and
PACIFIC SMILE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| LEI LI, an individual; STRONG WEALTH INVESTMENT LIMITED, a British Virgin Islands Company; PACIFIC SMILE LIMITED, a British Virgin Islands Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCSOFT, INC., a California Corporation; MICHAEL DENG, an individual,<br><br>Defendants. | CASE NO.  4:19-CV-05836 JSW<br><br>**PLAINTIFFS LEI LI, STRONG WEALTH INVESTMENT LIMITED, AND PACIFIC SMILE LIMITED'S NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |

**NOTICE** is hereby given that Plaintiffs LEI LI, STRONG WEALTH INVESTMENT LIMITED, and PACIFIC SMILE LIMITED appeal to the United States Court of Appeals for the Ninth Circuit from the Order Re: Attorneys' Fees and Costs in this matter filed on October 8, 2024 (Dkt. 411).  A copy of the Order is attached hereto as **Exhibit A**.

The case was first filed on September 18, 2019.

/ / /

Plaintiffs appealed from the Judgment. by Notice of Appeal filed on April 19, 2024. That appeal is Case No. 24-2531 in this Court.

Defendants ArcSoft, Inc. and Michael Deng cross-appealed from the Judgment by Notice of Appeal filed on May 6, 2024. That cross-appeal is Case No. 24-2694 in this Court, docketed with No. 24-2531.

The appeal fee is being paid concurrently with filing of this notice.

**REPRESENTATION STATEMENT:**

The names and addresses of the attorneys for each party are as follows:

| | |
|---|---|
| Howard E. King, Esq.<br>Tor R. Braham, Esq.<br>Jackson S. Trugman, Esq.<br>KING, HOLMES, PATERNO & SORIANO, LLP<br>1900 Avenue of the Stars, 25th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 282-8989<br>Facsimile (310) 282-8903<br>hking@khpslaw.com<br>tbraham@khpslaw.com<br>jtrugman@khpslaw.com | Attorneys for Plaintiffs<br>LEI LI, STRONG WEALTH INVESTMENT LIMITED, and PACIFIC SMILE LIMITED |
| Robin Meadow<br>Stefan C. Love<br>Greines, Martin, Stein & Richland LLP<br>6420 Wilshire Blvd., Ste. 1100<br>Los Angeles, CA 90048<br>Telephone: (310) 859-7811<br>Facsimile: (310) 276-5261<br>rmeadow@gmsr.com<br>slove@gmsr.com | Attorneys for Plaintiffs<br>LEI LI, STRONG WEALTH INVESTMENT LIMITED, and PACIFIC SMILE LIMITED |

| | |
|---|---|
| Kathleen R. Hartnett<br>William K. Pao<br>Adam M. Katz-Gelburd<br>Cooley, LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2071<br>khartnett@cooley.com<br>wpao@cooley.com<br>akatz@cooley.com | Attorney for Defendants<br>ARCSOFT, INC.<br>MICHAEL DENG |

DATED:  November 6, 2024            KING, HOLMES, PATERNO & SORIANO, LLP


By:     */s/ Howard E. King*
                HOWARD E. KING
                TOR R. BRAHAM
                JACKSON S. TRUGMAN
        Attorneys for Plaintiffs LEI LI,
        STRONG WEALTH INVESTMENT LIMITED,
        AND PACIFIC SMILE LIMITED

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEI LI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARCSOFT, INC., et al., <br><br> Defendants. | Case No. 19-cv-05836-JSW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Re: Dkt. No. 405 |

Now before the Court is Defendant ArcSoft, Inc.'s Motion for Attorneys' Fees and Costs. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter appropriate for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court HEREBY AWARDS ArcSoft $2,240,358.37 in attorneys' fees and $36,733.78 in costs.

**BACKGROUND**

Plaintiffs Marc Chan[1], Lei Li, Strong Wealth Limited, and Pacific Smile Limited sued Defendant ArcSoft, Inc. ("ArcSoft") for breach of contract and fraud, deceit, and concealment. Plaintiffs contended that ArcSoft breached its duties under the Investor Rights Agreement to provide annual audited financial statements and quarterly certified financial statements. (*See* Dkt. No. 156, Third Am. Compl., ¶ 371.) Plaintiffs sought $300 million in compensatory damages. (*Id.*, Prayer for Relief.) The Investor Rights Agreement contains a clause permitting the prevailing party in a dispute to seek attorneys' fees and costs. (*See* Dkt. No. 381, Judgment After Jury Trial, at 2:19-23.)

---

[1] Marc Chan's claims were dismissed after several years of litigation. (*See* Dkt. No. 203.)

The parties went to trial, and the jury returned a mixed verdict. (Dkt. No. 372, Jury Verdict.) The jury found for Plaintiffs on their claims of negligent misrepresentation and concealment. (*Id.*) The jury found for Defendants on the remaining claims, including the breach of contract claim against ArcSoft. (*Id.*) ArcSoft is thus entitled to attorneys' fees and costs incurred in defense of the breach of contract claim. (Judgment After Jury Trial, at 2:19-23.)

The parties filed notices of appeal. (Dkt. Nos. 398, 406.) This Court nevertheless retains jurisdiction to rule upon the request for attorneys' fees and costs. *League of Women Voters of California v. F.C.C.*, 751 F.2d 986, 990 (9th Cir. 1985).

## ANALYSIS

A prevailing party in an action on a contract that provides for attorneys' fees and costs is entitled to "reasonable" fees and costs. Cal. Civ. Code § 1717(a). The costs are deducted from the judgment against that party on other claims for relief. *Id.* § 1717(c).

### A. Reasonable Attorneys' Fees.

Courts apply the lodestar method to calculate reasonable attorneys' fees under California law. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1066 (N.D. Cal. 2010). The lodestar figure is determined "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate.").

#### 1. Hourly Rates.

The Court determines the reasonableness of hourly rates by considering the expertise and experience of attorneys in the relevant market. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013). The Court takes into account the novelty and complexity of the issues, the special skills or experience of counsel, the quality of representation, and the results obtained. *Id.* at 1207. "[T]he fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." *Id.* at 1206.

2

Here, Attorney William Pao submitted a detailed declaration setting forth the experience and education of the billing attorneys, as well as reports for market rates. ArcSoft seeks to recover for work performed by the four attorneys on the core trial and as well as supportive work performed by nine attorneys and one paralegal. Plaintiffs object that the hourly rates billed by O'Melveny attorneys are excessive.

Mr. Pao is a partner at O'Melveny & Myers LLP ("O'Melveny") with 18 years of experience, and he chairs the Financial Technology Group. (Dkt. No. 405-1, Pao Decl., ¶ 8.) He graduated *Order of the Coif* from the University of California, Berkeley School of Law, and he clerked in the Eastern District of California and in the U.S. Court of Appeals for the Fifth Circuit. (*Id.*) Mr. Pao's hourly billing rate was $931 in 2020; $992.75 in 2021; $990.00 in 2022; $1,074.00 in 2023; and $1,139.50 in 2024. (*Id.* ¶ 24.)

Mr. Michael G. Yoder is of counsel at O'Melveny. (*Id.* ¶ 9.) Mr. Yoder graduated *Order of the Coif* from Stanford Law School and has been a practicing trial attorney for more than 40 years. (*Id.*) Mr. Yoder's hourly billing rate was $1,282.27 in 2023 and $1,384.60 in 2024.

Ms. Britney Rogers is a partner at O'Melveny and has been an attorney since 2010. (*Id.* ¶ 10.) Ms. Rogers graduated *cum laude* from Harvard Law School and clerked in the Central District of California. (*Id.*) Ms. Roger's hourly billing rate was $902.50 in 2021; $990.00 in 2022; $1,027.23 in 2023; and $1,092.20 in 2024. (*Id.* ¶ 24.)

Mr. Daniel Tully is counsel at O'Melveny and has been an attorney since 2014. (*Id.* ¶ 11.) Mr. Tully graduated *Order of the Coif* from the University of California, Los Angeles School of Law and clerked in the Central District of California. (*Id.*) Mr. Tully's hourly billing rate was $798.00 in 2020; $845.50 in 2021; $882.00 in 2022; $904.40 in 2023; and $937.40 in 2024. (*Id.* ¶ 24.)

Mr. Moshe Peters is counsel at O'Melveny and has been an attorney since 2017. (*Id.* ¶ 12.) Mr. Peters' hourly billing rate was $882.00 in 2022 and $941.76 in 2023. (*Id.* ¶ 24.)

Ms. Kathryn Turner is a seventh-year associate with O'Melveny. (*Id.* ¶ 13.) Her hourly billing rate was $805.50 in 2022; $838.50 in 2023; and $920.20 in 2024. (*Id.* ¶ 24.)

Ms. Monsura Sirajee is counsel at O'Melveny and has been an attorney since 2018. (*Id.* ¶

3

14.) Her hourly billing rate was $808.40 in 2023 and $885.80 in 2024. (*Id.* ¶ 24.)

Ms. Melissa Cassel is counsel at O'Melveny and has been an attorney since 2018. (*Id.* ¶ 15.) Her hourly billing rate was $885.80 in 2024. (*Id.* ¶ 24.)

Ms. Amy Zhao is a fourth-year associate with O'Melveny. (*Id.* ¶ 16.) She was admitted to the New York Bar in 2022. Her hourly billing rate was $736.61 in 2023 and $855.70 in 2024. (*Id.* ¶ 24.)

Ms. Pauline Nguyen is a third-year associate with O'Melveny. (*Id.* ¶ 17.) Her hourly billing rate was $517.75 in 2021; $549.00 in 2022; $651.70 in 2023; and $774.00 in 2024. (*Id.* ¶ 24.)

Mr. Rob Barthelmess was formerly a fifth-year associate with O'Melveny. (*Id.* ¶ 19.) His hourly billing rate was $641.25 in 2020; $688.75 in 2021; and $805.50 in 2022. (*Id.* ¶ 24.)

Ms. Emily Hayes was formerly a fourth-year associate with O'Melveny. (*Id.* ¶ 20.) Her hourly billing rate was $756.80 in 2023. (*Id.* ¶ 24.)

Mr. John Gonzalez was formerly a third-year associate with O'Melveny. (*Id.* ¶ 21.) His hourly billing rate was $634.50 in 2022 and $762.22 in 2023. (*Id.* ¶ 24.)

Mr. Michael O'Donnell is a senior member of O'Melveny's paraprofessional group, where he has worked for over 24 years. His hourly billing rate was $375.25 in 2021; $378.40 in 2023; and $408.50 in 2024. (*Id.* ¶ 24.)

Mr. Pao provides the "2023 Real Rate Report" from Wolters Kluwer in support of his contention that O'Melveny rates are in line with the market. (Pao Decl., Ex. N.) According to the report, the average litigation partner in San Francisco charged $712 per hour in 2021, $744 per hour in 2022, and $801 per hour in 2023. (*Id.*, at 21.) The median rate in 2023 was $750 per hour and the third quartile rate was $1,124. Mr. Pao and Ms. Roger's rates were between the median and third quartile rates in 2023. Mr. Yoder's rates were higher, in the fourth quartile, but those high-end rates are supported by Mr. Yoder's 40 years of litigation experience.

The associate and counsel hourly billing rates were well above the average for the market. According to the report, the average San Francisco litigation associate in 2023 billed at $537 per hour. (*Id.*) The median was $450 per hour and the third quartile was $718 per hour. (*Id.*) The

4

lowest rate billed by an O'Melveny associate in 2023 was $651.70, by Ms. Nguyen, a current third-year associate. (Pao Decl., ¶¶ 17, 24.) Every other associate billed in the fourth quartile for associates and at or above the median rate for partners.

Mr. Pao also provides the 2017 National Law Journal Billing Report which shows the 2017 rates for a number of top law firms based upon the law firm's largest U.S. office. (Pao Decl., Ex. M.) Of these, Cooley LLP is the only firm with rates provided for this judicial district. (*Id.*) In 2017, Cooley's average partner billing rate was $1,100 per hour; its average associate billing rate was $735 per hour; and its average counsel billing rate was $998 per hour. (*Id.*) O'Melveny's billing rates in 2020 through 2024 are comparable to Cooley's 2017 rates. This data supports the reasonableness of O'Melveny's rates.

Mr. Pao cites to several recent decisions from this district which support the rates for paralegal Mr. O'Donnell. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving hourly rates between $80 and $490 for paralegals); *Lynwood Invs. CY Ltd. v. Konovalov*, 2023 WL 2918754, at *6 & n.8 (N.D. Cal. Apr. 11, 2023) (approving rates between $224 and $316 for paralegals). Mr. O'Donnell's rates are below the maximum of this range. A higher rate is reasonable for Mr. O'Donnell due to his years of experience and the complexity of this case.

The parties in this action filed dozens of motions, exchanged large volumes of discovery (much of which needed to be translated into English), engaged in extensive sealing requests, and participated in a multi-week jury trial. The defense raised novel legal theories in defense of all claims which required multiple rounds of briefing. ArcSoft successfully avoided $300 million in liability on the breach of contract claim. In sum, "this case was precisely the sort of complex, large, and burdensome case that justified top-tier litigators." *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *19 (C.D. Cal. Mar. 24, 2015), *aff'd,* 847 F.3d 657 (9th Cir. 2017). It was sensible, given the amount of potential liability, for ArcSoft to seek out high-end counsel which would charge above-average rates. *See Maloney v. T3Media, Inc.*, No. 14-cv-05048-AB, 2015 WL 3879634, at *10 n.6 (C.D. Cal. May 27, 2015) ("A plaintiff who brings a bet-the-company lawsuit should expect the defendant to mount a bet-the-company

defense.").

Accordingly, the Court adopts O'Melveny's rates:

| Timekeeper | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Yoder | - | - | - | $1,282.27 | $1,384.60 |
| Pao | $931.00 | $992.75 | $990.00 | $1,074.00 | $1,139.50 |
| Rogers | - | $902.50 | $990.00 | $1,027.23 | $1,092.20 |
| Tully | $798.00 | $845.50 | $882.00 | $904.40 | $937.40 |
| Peters | - | - | $882.00 | $941.76 | - |
| Turner | - | - | $805.50 | $838.50 | $920.20 |
| Sirajee | - | - | - | $808.40 | $885.80 |
| Cassel | - | - | - | - | $885.80 |
| Barthelmess | $641.25 | $688.75 | $805.50 | - | - |
| Hayes | - | - | - | $756.80 | - |
| Zhao | - | - | - | $736.61 | $855.70 |
| Gonzalez | - | - | $634.50 | $762.22 | - |
| Nguyen | - | $517.75 | $549.00 | $651.70 | $774.00 |
| O'Donnell | - | $375.25 | - | $378.40 | $408.50 |

**2. Hours Billed.**

ArcSoft seeks to recover less than one-fifth of the total hours O'Melveny attorneys spent litigating this action. Only 40.4 of those hours are supported by timesheets which specifically reference the breach of contract claim. Plaintiffs oppose, arguing that the time sought is unreasonable in light of the narrow role the contract claim played at trial and throughout the litigation. Plaintiffs also object because ArcSoft did not provide billing records, but rather high-level summaries of the hours billed.

The party requesting attorneys' fees must prove the requested hours are reasonable by providing "a sufficient and proper basis for making that determination." *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1244 (2012). "The Court must review time records to

6

determine whether the hours are adequately documented in a manner that can be properly billed directly to clients." *Zhu v. Li*, No. 19-cv-02534-JSW, 2023 WL 5279451, at *3 (N.D. Cal. Aug. 16, 2023) (quoting *Int'l Petroleum Prods. & Additives Co. v. Black Gold S.A.R.L.*, No. 19-cv-03004-YGR, 2020 WL 789567 at *2 (N.D. Cal. Feb. 18, 2020)). If a party opposes a fee request, it "must provide specific objections to specific billing entries" because "[c]onclusory and unsubstantiated objections" are not sufficient. *Parkridge Ltd. v. Indzyen, Inc.*, No. 16-cv-07387-JSW(LB), 2020 WL 9422351, at *4 (N.D. Cal. May 8, 2020). "Even if the opposing party has not objected to the time billed, the [C]ourt cannot uncritically accept a fee request and must assess whether the time billed is reasonable in light of the work performed in the case." *Id.*

Here, ArcSoft prevented Plaintiffs from making objections to specific billed entries because it did not submit detailed billing records. However, O'Melveny contracted with third-party attorneys to review the billing records for this action—a task which took over 900 hours. (Pao Decl., ¶ 37.) Given the apparently staggering volume of billing records, it was appropriate for ArcSoft to produce a summary supported by the detailed declaration of Mr. Pao. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (noting trial courts "may use estimates in calculating and allocating an attorney's time" and that "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."). The Court finds that it has enough information to evaluate the reasonableness of the hours billed.

ArcSoft seeks recovery for all fees charged by O'Melveny which specifically mention the breach of contract claim and one-fifth of the fees charged by O'Melveny which do not distinguish between claims. Plaintiffs protest that it is unreasonable to seek recovery for hours not specifically attributed to the breach of contract claim. ArcSoft responds that its efforts related to all of the claims, because the claims were intertwined. The Court agrees with ArcSoft. O'Melveny's efforts relating to damages, its affirmative defenses, and its pretrial and trial work applied to all five claims. Apportioning one-fifth of the bills to the contract claim is appropriate.

O'Melveny billed for 672 total hours responding to pleadings, and ArcSoft seeks recovery for 134.8 of those hours, billed by seven attorneys. One-fifth of 672 is 134.4, so the Court subtracts 0.4 hours using 2022 billing rates to account for the discrepancy. These hours

7

reasonably correspond to the time necessary to answer the Second Amended Complaint, move to dismiss, and move for judgment on the pleadings.

O'Melveny billed a total of 633 hours for mediation and settlement, and ArcSoft seeks recovery for 126.2 of those hours. The parties mediated three times, racking up fees for preparation and attendance. However, O'Melveny has not adequately justified the 102.6 hours it billed to "Research and Analysis" in connection with mediation. Among other issues, the contract claim did not change between the Second Amended Complaint and the Third Amended Complaint and related settlement discussions. The Court thus reduces the research and analysis time by half, resulting in 115.8 hours for the contract claim.

O'Melveny billed a total of 5,368.7 hours to fact discovery, and ArcSoft seeks recovery for 1,071.9 of those hours. Much of this discovery was generally applicable and related to damages. However, it is unclear to the Court that a full fifth of the general discovery is attributable to the breach of contract claim, given the predominant role played at trial and in motion-work by the fraud and breach of fiduciary duty claims. The Court thus takes a "haircut" of 10 percent, resulting in 964.71 hours. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (explaining that district courts may cut 10 percent of fees as excessive without specific explanation).

O'Melveny billed a total of 1,506.3 hours for expert discovery, and ArcSoft seeks recovery for 298.5 of those hours. 139.5 of the expert discovery hours are attributable to "case strategy," which includes "time spent strategizing internally and with the client." (Mot. at 12:27-28.) The Court finds that this time is excessive, and it cuts the case strategy hours by 10 percent. The haircut results in a total of 284.55 hours for this category.

O'Melveny billed a total of 1,100.3 hours for summary judgment, and ArcSoft seeks to recover for 221.2 of those hours. One-fifth of 1,100.3 is 220.1. The Court takes a reduction of 1.1 hours to account for this discrepancy. The Court finds the hours reasonable.

O'Melveny billed a total of 1,503.8 hours for pre-trial work, and ArcSoft seeks recovery for 301.7 of those hours. One-fifth of 1,503.8 is 300.8. The Court takes a reduction of 0.9 hours to account for this discrepancy. The Court agrees that O'Melveny's pretrial work is fairly

8

attributable in equal parts to all five claims, and it finds the hours reasonable.

O'Melveny billed a total of 2,781.8 hours for trial, and ArcSoft seeks recovery for 554.8 of those hours. The Court agrees that O'Melveny's trial work is fairly attributable in equal parts to all five claims, and it finds the hours reasonable.

### 3. Lodestar Calculation.

Given the lack of billing records, the Court made assumptions to calculate the appropriate lodestar. Where the Court made a percentage-based reduction, an equal percentage was applied to each timekeeper. Where the Court made a reduction due to discrepancy in hours, the reduction was taken from the highest-billing timekeeper's hours. The result was $2,240.358.37 in reasonable attorneys' fees, calculated as follows:

| Category | Requested Amount | Reduction | Reduced Award |
|---|---|---|---|
| Pleadings | $107,753.23 (134.8 hours) | $396 (0.4 hours) | $107,357.23 |
| Mediation and Settlement | $111,862.58 (126.2 hours) | $8,117.16 (10.3 hours) | $103,745.42 |
| Fact Discovery | $911,779.72 (1,071.9 hours) | $91,177.97 (107.2 hours) | $820,601.75 |
| Expert Discovery | $265,743.32 (298.5 hours) | $12,419.16 (13.95 hours) | $253,324.16 |
| Summary Judgment | $191,022.21 (221.2 hours) | $1,181.40 (1.1 hours) | $189,840.81 |
| Pretrial | $258,679.40 (301.7 hours) | $1,154.04 (0.9 hours) | $257,525.36 |
| Trial | $507,963.64 (554.8 hours) | none | $507,963.64 |
| Total | $2,352,473.12 | $114,445.73 | $2,240,358.37 |

B.  **Reasonable Costs.**

ArcSoft incurred $189,201.06 in costs in the litigation, and it seeks to recover one-fifth, $37,840.21. Plaintiffs object that ArcSoft did not attempt to connect any of the costs incurred to the breach of contract claim, and that certain of the line-items indicate that O'Melveny attorneys obtained luxury travel for depositions.

The Court agrees with ArcSoft that the costs should be apportioned equally to each claim. ArcSoft explained that its case strategy was to attack the validity of the claims and the damages, which could have applied to any one or all of the causes of action. The Court further agrees with ArcSoft that it was reasonable for Mssrs. Pao and Tully to fly business class to Hong Kong for depositions. Mr. Pao represents that O'Melveny permits business class airfare for international trips, and that the flights to Hong Kong were over 14 hours. (Dkt. No. 410-1, Pao Reply Decl., ¶¶ 5-6.) The Court is unaware of a requirement to select the cheapest possible travel option.

However, the Court also agrees with Plaintiffs that certain of the line items are unreasonable, and it will not award the following costs:

- The November 8, 2022 airfare for Mr. Pao to the Alexis Deposition. Mr. Pao's ticket was more than double Mr. Tully's ticket for the same trip. This cost is not explained. Nor does ArcSoft explain why a partner and counsel were required for one deposition.
- The December 4, 2022 lodging for Mr. Tully for the Deng Deposition. Mr. Tully's lodging was over $900 greater than Mr. Pao's lodging for the same deposition.
- The July 12, 2023 airfare for Mr. Pao's return flight from the Henderson Deposition. Mr. Pao does not explain the high cost of this one-way flight within the United States.

Excluding these items results in a reduction of $5,532.17 from the total and $1,106.43 from the fifth allocated to the breach of contract claim.

The Court awards $36,733.78 in costs to ArcSoft.

//

//

//

//

# CONCLUSION

For the foregoing reasons, the Court AWARDS $2,240.358.37 in fees and $36,733.78 in costs to Defendant ArcSoft, Inc.

**IT IS SO ORDERED.**

Dated: October 8, 2024

_____
JEFFREY S. WHITE
United States District Judge

11