KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
HKING@KHPSLAW.COM
TOR R. BRAHAM, ESQ., STATE BAR NO. 108234
TBRAHAM@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ. STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs LEI LI, STRONG WEALTH INVESTMENT LIMITED and PACIFIC SMILE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| LEI LI, an individual; STRONG WEALTH INVESTMENT LIMITED, a British Virgin Islands Company; PACIFIC SMILE LIMITED, a British Virgin Islands Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCSOFT, INC., a California Corporation; MICHAEL DENG, an individual,<br><br>Defendants. | CASE NO. 4:19-CV-05836 JSW<br><br>Hon. Jeffrey S. White, Ctrm 5<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION**<br><br>Date: March 14, 2025<br>Time: 9:00 AM<br>Crtrm.: Courtroom 5, 2nd Floor<br><br>Action commenced: September 18, 2019<br>Trial Date: January 22, 2024 |

5442.060/3043278.6

Case No. 4:19-CV-05836 JSW

REPLY TO OPPOSITION TO MOTION FOR CLARIFICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Lei Li, Strong Wealth Investment, and Pacific Smile Limited reiterate their request that this Court (1) clarify that its order awarding attorney fees and costs to Defendant ArcSoft, Inc. (Dkt. 411) requires that award to be deducted from damages awarded to Plaintiffs after final resolution of this litigation, including all appeals; (2) in the alternative, clarify that the existing stay of enforcement of the judgment (Dkt. 396) already applies to the Court's subsequent order awarding fees pursuant to the judgment (Dkt. 411) and bars enforcement of the order; or (3) as a final alternative, stay ArcSoft's enforcement of the fee award, under the Court's inherent authority and Federal Rule of Civil Procedure 62.

Defendants ArcSoft, Inc. and Michael Deng's opposition to all three of Plaintiffs' alternative requests is predicated on a characterization of the law that lacks any legal foundation as well as a prudential argument that lacks any prudence. Despite their protests, Defendants' opposition simply confirms that the Court's award of attorney fees to Defendants is not currently enforceable and, alternatively, may be stayed without requiring a bond under Rule 62(b).

## A. The Law

As Defendants understand, posting a bond according to Federal Rule of Civil Procedure 62—which is titled "Stay of Proceedings to *Enforce a Judgment*"—stays judgments that are *enforceable*. This means Rule 62(b)'s bonding procedure does not apply to judgments that are not enforceable, or not enforceable yet.

So, the question here is whether the Court's award of attorney fee is a "judgment" that is now "enforceable." If it is, then under Rule 62(b), Plaintiffs may post a bond to stay its enforcement. If it is not, then Rule 62(b)'s bond requirement does not apply to this fee award.

The fee award is not currently enforceable. That is evident from a straightforward reading of a clearly drafted statute, California Civil Code section 1717. (Dkt. 381 at 6.)

No one disputes that section 1717 governs the Court's award of fees. The Court's judgment stated that ArcSoft could move for attorney fees and costs under section 1717. Defendants cited section 1717 throughout its motion for fees and costs. (Dkt. 405 at i, 3, 10, 14.) And this Court explicitly invoked section 1717 when awarding fees. (Dkt. 410 at 2.)

Defendants argue that section 1717 and *Chen v. Valstock Ventures, LLC*, 81 Cal. App. 5th 957 (2022), the leading case on this issue, do not extend to the "present situation, in which there is a final judgment on a fees and costs award, but the damages associated with non-contract claims remains up in the air." (Dkt. 421 at 8 (quoting *Chen*, 81 Cal. App. 5th at 963–64).) They are wrong.

Section 1717 and *Chen* explain exactly what to do in the present situation, in which "the party prevailing on the contract [and thus winning attorney fees] has damages awarded against it on causes of action not on the contract"—exactly Defendants' situation here. Cal. Civ. Code § 1717. In that case, "the amounts awarded to the party prevailing on the contract under this section *shall be deducted* from any damages awarded in favor of the party who did not prevail on the contract." *Id.* (emphasis added); *see also Chen*, 81 Cal. App. 5th at 976 ("contractual fee awards should be made only after the end of all litigation in a case, including litigation of noncontract claims"). Parties in Defendants' place are entitled to pursue enforcement of an award of fees only in a very specific situation:

> "***If*** the amount [of attorney fees] awarded under this section exceeds the amount of damages awarded the party not prevailing on the contract, the net amount shall be awarded the party prevailing on the contract and judgment may be entered in favor of the party prevailing on the contract for that net amount.

Cal. Civ. Code § 1717 (emphasis added). Defendants willfully ignore the condition precedent designated by "*if*": the fees awarded *must* exceed the amount of damages *before* Defendants can obtain the net award.

Shirking section 1717's plain text, Defendants contend that Plaintiffs have

"extrapolated" from section 1717's requirement that "fees and costs incurred in a contract claim will be offset against other damages" an "entitle[ment]" to "an automatic unsecured stay on execution of the fees and costs award for the full duration of 'all appeals' in any related litigation." (Dkt. 386 at 7–8.) Plaintiffs do no such thing. Rather, Plaintiffs ask this Court to clarify that under governing California law, the fee award *is not enforceable* at this time. This means *there is nothing to "stay."*

Only as alternatives—if the Court wishes to do so to eliminate all possible doubt—Plaintiffs ask this Court to clarify that the existing stay of the judgment already applies to the attorney fee award, or, as a third option, to invoke its discretionary authority to stay enforcement of the award of fees without requiring a bond. (Dkt. 419 at 11 ("As a final alternative, if the Court finds that the order awarding attorneys' fees and costs is currently enforceable, the Court should stay its enforcement. The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).)

Defendants propose ignoring the plain language of section 1717 and treating their award of fees as immediately enforceable. To support this departure from the plain language of this statute, Defendants cite not a single on-point authority.

As for *Chen*, Defendants accurately describe the case's procedural posture. The trial court had awarded attorney fees after granting summary judgment on a contract claim, even though there was no "trial or disposition" of the remaining, non-contract claims. (Dkt. 421 (quoting *Chen*, 81 Cal. App. 5th at 963).) But *Chen* does not limit its holding or reasoning to its precise posture. *Chen* sets forth as a general principle the rule that "fees should be awarded only at the *complete end of litigation*, including on noncontract claims." See *Chen*, 81 Cal. App. 5th at 970 (emphasis added). *Chen*'s principle applies squarely to the present circumstances: because the parties have cross-appealed the damages award, this Court cannot offset

the awarded fees for the contract claims, as required by section 1717, until the question of damages for the non-contract claims is fully resolved in these appeals.

The *Chen* court, moreover, considered the issue of appeals. The court stated that a rule that predicated immediate collection of attorney fees on an appeal of the award of those fees would impair judicial economy, as such a rule would force litigants to pursue questionable appeals of fees to forestall immediate execution. *See Chen*, 81 Cal. App. 5th at 982.

That said, this Court need not wade through Defendants' attacks on *Chen* because the language of section 1717, again, is clear on its face: the fees awarded to Defendants must exceed the amount of damages awarded to Plaintiffs in order for Defendants to obtain the net award.

Moreover, Defendants rely too heavily on the assertion that the Court's award of attorney fees *by itself* was a final judgment. (Dkt. 421 ("That [fee] award was a final judgment.").) Defendants even assert that "Plaintiffs do not deny that this Court's fees and costs award is a final judgment." (Dkt. 421 at 7.) Plaintiffs make no such concession.

The very case that Defendants cite suggests that an award of attorney fees is collateral to a final judgment and is not, by itself, a final judgment, even if the fee award is referred to in the judgment. *Compare Nutrition Distribution*, 978 F.3d at 1079 ("[A]ny post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment." (quoting *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004))), *with* (dkt. 421 (Defendants' description of *Nutrition Distribution* as "treating order on 'attorneys' fees' as a final judgment)).) Here, as Plaintiffs' motion points out, the Court's judgment states that Plaintiffs "may file" a motion for fees, and the Court's award of fees refers back to the judgment. (Dkt. 419 (citing dkts. 396; 411).) This is why Plaintiffs contend in their second alternative argument that the Court may "clarif[y] that the existing stay

of enforcement of the Judgment *also stays* enforcement of the order awarding attorneys' fees and costs." (Dkt. 419 at 11 (emphasis added)). So, to the extent that Defendants' attenuated interpretation of section 1717 and *Chen* relies on a legally tenuous conception of what constitutes a "final judgment," the Defendants' position must be rejected.

### B. "Prudence"

Defendants insist that Plaintiffs' position is not "sensible or equitable." (Dkt. 421 at 7.) According to Defendants, Plaintiffs "do not deny" that the combination of the defense's posting a bond to stay enforcement of the judgment with their inability to immediately collect attorney fees has left them "asymmetrically exposed to the risk of being unable to collect." (*Id.* at 6.) "For instance," Defendants explain, "if we prevail on our cross-appeal to reduce the jury award to $0, and the fees and costs award cannot be deducted from that amount, then our clients will have no assurance that they can collect on the fees and costs that they are owed." (*Id.* at 4.)

Defendants once again commit Plaintiffs to a position that they have never taken. Rather, Plaintiffs maintain that Defendants are subject to *zero* "asymmetric exposure." For one, Defendants are plenty protected, given that the $2,240,358.37 in attorneys' fees and $36,733.78 in costs awarded to Defendants is a mere slice of the $9,706,000 in damages and $4,338,946.71 in prejudgment interest awarded to Plaintiffs. For another, Defendants' protection against "asymmetric exposure" is built into section 1717: when they ultimately move to enforce their damages award at the conclusion of this litigation, they may offset that payment by the amount of fees.

/ / /

/ / /

/ / /

/ / /

## C. Conclusion

To conclude, this Court should grant Plaintiffs any of the three alternative forms of relief requested by Plaintiffs' motion.

DATED: February 18, 2025          KING, HOLMES, PATERNO & SORIANO, LLP

By: _____/s/ Heather L. Pickerell_____
HOWARD E. KING
TOR R. BRAHAM
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs MARC CHAN, LEI LI, STRONG WEALTH LIMITED AND PACIFIC SMILE LIMITED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

King, Holmes,
Paterno &
Soriano, LLP

5442.060/3043278.6

Case No. 4:19-CV-05836 JSW

REPLY TO OPPOSITION TO MOTION FOR CLARIFICATION